FROZENA, Appellant, vs. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

*February 9—May 9, 1933.*

374

For the appellant there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *A. L. Hougen.*

For the respondent there was a brief by *Nash & Nash,* and oral argument by *W. J. Clark,* all of Manitowoc.

The following opinion was filed March 7, 1933:

WICKHEM, J. The plaintiff contends that the jury's finding that the insured did not make any of the false representations in the application with intent to deceive is sustained by the evidence, and that the element of fraud is thus eliminated from the case. This being true, the plaintiff relies upon sec. 209.07, Stats., which provides as follows:

"In any case where the medical examiner, or physician acting as such, of any life or disability insurance company or association doing business in this state, shall issue a certificate of health or declare the applicant a fit subject for insurance, or so report to the company or association or its agent under the rules and regulations of such company or association, it shall thereby be estopped from setting up in defense of an action on such policy or certificate that the insured was not in the condition of health required by the policy at the time of the issue or delivery thereof, unless the same was procured by or through the fraud or deceit of the insured. The provisions of this section shall apply to fraternal or mutual benefit societies."

It is the contention of the plaintiff that since the medical examiner declared the applicant a fit subject for insurance, and that since there was no fraud on the part of the insured, the estoppel provided by sec. 209.07 operates, and the provisions of sec. 209.06 are inapplicable. Sec. 209.06 provides in substance that no representation made by the assured shall be effective to defeat or avoid the policy unless such statement, representation, or warranty was false and made with actual intent to deceive *or unless the matter misrepresented or made a warranty increased the risk or contributed to the loss.* It is the plaintiff's claim, even though these representations may be held to have increased the risk or contributed to the loss, and hence to be covered by sec. 209.06 even though non-fraudulent, that in all situations where

there is a medical examination and report sec. 209.07 governs. The defendant claims that this contention is ruled adversely to the plaintiff by the case of *Demirjian v. New York Life Ins. Co.* 205 Wis. 71, 236 N. W. 566. In that case this court applied sec. 209.06 and held that there could be no recovery because of the fact that the misrepresentations, even though made without fraudulent intent, increased the risk. It is further claimed that the case of *Conklin v. New York Life Ins. Co.* 200 Wis. 94, 227 N. W. 251, and *Monahan v. Mutual Life Ins. Co.* 192 Wis. 102, 212 N. W. 269, have held substantially to the same effect.

An examination of the case and briefs in the *Demirjian Case* discloses that the medical examiner made no recommendation as to the fitness of the applicant for insurance; that he merely entered his findings with respect to pulse, blood pressure, etc., and forwarded these to the company without comment. Hence the point here made was not before the court. It is clear that the contention which plaintiff here makes is sound. There seems to be no escape from the conclusion that where a medical examination is had and a report made that the applicant is a fit subject for insurance, an estoppel arises against the company in the absence of fraud or deceit practiced by the insured upon the medical examiner in order to induce a favorable report, and that the provisions of sec. 209.06 avoiding the policy where an innocent misrepresentation increases the risk, must be limited to situations where there has been no certificate of health or recommendation of the risk by the examiner. This being true, the sole remaining question is whether or not the jury's conclusion that the insured did not make the misrepresentations with intent to deceive the company and induce it to issue the policy, can be sustained in view of the other findings by the jury. There is evidence, obviously believed by the jury, that during 1929 the insured complained to a fellow workman, at least six or seven times, of having a

tearing, ripping pain in his stomach, and that he did not eat anything but a glass of milk and a few crackers; that he had consulted several doctors; that he had gone home on account of illness on six or seven different occasions. Another of his associates testified that during the years 1929 and 1930 the insured complained to him on an average of once a week of sharp pains in his stomach. To another fellow worker the insured made half a dozen complaints during 1929 as to his stomach trouble, and stated that he had seen a doctor about his condition. Other witnesses testified to substantially the same facts. The jury found, as heretofore indicated, that the insured was suffering severe pains and discomfort to the extent that it interfered with his work at intervals, and that at the time of the examination he was conscious of the fact that he had suffered pain in his stomach, and "was subject to such pains and ailments." In spite of this, the jury found that his statement that he had never suffered from any ailments of the stomach was not made for the purpose and with the intent of deceiving and inducing the defendant company to issue the policy. This finding cannot be sustained. The jury having found, as they had a right to do under the evidence, that the insured had suffered severely and fairly continuously from pain and distress in the region of the stomach, and that he was conscious of this fact at the time when he made the misstatement in his application, there is no room for an innocent interpretation of his conduct. The findings of the jury preclude inadvertent failure to disclose, and we can discover no ground upon which a deliberate or intentional withholding of this information could be made without intent to deceive. *Monahan v. Mutual Life Ins. Co.* 192 Wis. 102, 212 N. W. 269. This conclusion compels an affirmance of the judgment.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on May 9, 1933.