Zepczyk and wife, Plaintiffs and Respondents, v. Nelson, Defendant and Respondent: St. Paul Fire & Marine Insurance Company, Defendant and Appellant.

*April 13—May 9, 1967.*

142

For the appellant there was a brief by *Pray, Pray & Clark* of Ashland, and oral argument by *Dale R. Clark*.

For the respondents there was a brief and oral argument by *John W. Slaby* of Phillips.

HANSEN, J. The order of the trial court denying the motion for summary judgment must be affirmed.

This court has frequently stated that summary judgment should not be granted where there are substantial issues of fact to be determined, when evidence on a material issue is in conflict, or when there are permissible inferences from undisputed facts that would permit a different result. *Thompson v. Dairyland Mut. Ins. Co.* (1966), 30 Wis. (2d) 187, 140 N. W. (2d) 200; *Hein v. State Farm Mut. Automobile Ins. Co.* (1966), 29 Wis. (2d) 702, 139 N. W. (2d) 611; *State v. Conway* (1965),

26 Wis. (2d) 410, 132 N. W. (2d) 539; *Fjeseth v. New York Life Ins. Co.* (1961), 14 Wis. (2d) 230, 111 N. W. (2d) 85. Similarly, the court has said:

". . . the power of the courts under the summary-judgment statute (sec. 270.635, 33 W. S. A., p. 309) is drastic and should be exercised only when it is plain there is no substantial issue of fact or of permissible inference from undisputed facts to be tried." *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 278, 103 N. W. (2d) 9, reaffirmed in *Foryan v. Firemen's Fund Ins. Co.* (1965), 27 Wis. (2d) 133, 138, 133 N. W. (2d) 724.

Sec. 209.06 (1), Stats., provides:

"209.06 **Insurance; application; effect.** (1) No oral or written statement, representation or warranty made by the insured or in his behalf in the negotiation of a contract of insurance shall be deemed material or defeat or avoid the policy, unless such statement, representation or warranty was false and made with intent to deceive, or unless the matter misrepresented or made a warranty increased the risk or contributed to the loss."

Under this section of the statute, an insurance company is permitted to avoid liability under a policy because of a false statement or misrepresentation by the insured if (1) the statement was false and made with the intent to deceive; (2) the statement increased the risk, or (3) the statement contributed to the loss. *Delaney v. Prudential Ins. Co.* (1966), 29 Wis. (2d) 345, 139 N. W. (2d) 48; *Polar Mfg. Co. v. Integrity Mut. Ins. Co.* (1959), 7 Wis. (2d) 443, 96 N. W. (2d) 822.

It is the opinion of this court that the affidavits and exhibits submitted by the respective parties in the proceedings on the motion for summary judgment present conflicting evidence on material facts and raise substantial factual questions as to whether the defendant insurance company waived or is estopped from relying upon the misstatements of the insured in his application. *Taluc v. Fall Creek Farmers Mut. Fire Ins. Co.* (1931), 203 Wis. 319, 322, 234 N. W. 364. Herein the court held:

". . . misstatements inserted in the application by the agent without the knowledge of the assured do not become misrepresentations of the insured by reason of the fact that he signed the application."

The *Taluc Case* was cited with approval in *Emmco Ins. Co. v. Palatine Ins. Co.* (1953), 263 Wis. 558, 58 N. W. (2d) 525, and the court further stated at page 562:

"The authorities almost unanimously hold that where an agent of an insurance company writes a statement of fact into an application for a policy without making inquiry of the insured, or relying on any information supplied by the insured, the company is precluded on the theory of either waiver or estoppel from showing the falsity of such statement in order to avoid liability upon the policy."

Also, in *Weiss v. Mutual Indemnity Co.* (1966), 32 Wis. (2d) 182, 145 N. W. (2d) 171, the order of the trial court denying a motion for summary judgment was affirmed because there was conflicting evidence on the question of whether the insured examined an application before signing it.

Appellant strongly urges that the principles set forth in *Stockinger v. Central National Ins. Co.* (1964), 24 Wis. (2d) 245, 128 N. W. (2d) 433, and *Bade v. Badger Mut. Ins. Co.* (1966), 31 Wis. (2d) 38, 142 N. W. (2d) 218, sustain its position. Both of these cases are readily distinguishable from this case as it now stands before the court. In *Stockinger, supra,* the insured looked over the application before he signed it and the court held he was therefore bound by the misrepresentations. In *Bade, supra,* the application contained deliberate false statements as to preexisting conditions. These statements did not relate to any future conduct.

Again referring to *Stockinger, supra,* this court also points out that the application in sec. 204.34 (1), Stats., was not considered in arriving at its decision.

In denying the motion for summary judgment, the trial court also correctly considered the provisions of sec. 204.34, Stats., which provides:

"**204.34 Provisions of auto liability policies.** (1) No policy of insurance, agreement of indemnity or bond covering liability or loss arising by reason of the ownership, maintenance or use of a motor vehicle issued in this state shall exclude from the coverage afforded or provisions as to benefits therein any of the following:

"(a) Persons while driving or manipulating a motor vehicle, who shall be of an age authorized by law so to do;

"(b) The operation, manipulation or use of such motor vehicle for unlawful purposes;

"(c) The operation, manipulation or use of such motor vehicle while the driver is under the influence of intoxicating liquors or narcotics; while such motor vehicle is engaged in the transportation of liquor in violation of law, or while such motor vehicle is operated in a reckless manner."

Even if the insured had knowledge of the 100 percent clause in the application when he signed it, and that the statement was false and made with the intent to deceive or increased the risk or contributed to the loss, the insurance company could not avoid liability to an innocent third person on the grounds that the car was driven by a person other than the named insured and who could not be excluded under the provisions of sec. 204.34 (1). Such a situation would permit an insurance company to avoid liability by inserting provisions in an application which they could not avoid under circumstances described in sec. 204.34 (1). The result would be entirely inconsistent with the statutory purposes of sec. 204.34 (1), which were well set forth in *Pavelski v. Roginski* (1957), 1 Wis. (2d) 345, 84 N. W. (2d) 84, wherein it was stated:

"It is clear that the legislature was more concerned with the interest of members of the public who might be injured under such circumstances than it was in protect-

ing persons driving under the influence of liquor or narcotics or using automobiles in unlawful pursuits, from having to pay damages."

In discussing the purpose of sec. 204.34 (1), Stats., in connection with an automobile policy exclusion clause in *Olander v. Klapprote* (1953), 263 Wis. 463, 466, 57 N. W. (2d) 734, this court stated that the statute is meant to afford protection not only to the public but to drivers who are of an age authorized by law to drive.

The effect and legislative intent in enacting this section of the statutes are further enunciated in *Schaal v. Great Lakes Mut. Fire & Marine Ins. Co.* (1959), 6 Wis. (2d) 350, 94 N. W. (2d) 646.

*By the Court.*—The order denying summary judgment is affirmed.