SMITH, by Guardian *ad litem,* and another, Plaintiffs and Respondents, v. NATIONAL INDEMNITY COMPANY, Defendant and Appellant: HARTFORD ACCIDENT & INDEMNITY COMPANY and another, Defendants and Third-Party Plaintiffs and Respondents: DOERING RENT-A-CAR, INC., Third-Party Defendant and Respondent.

*No. 255. Submitted under sec. (Rule) 251.54 March 1, 1973.—*
*Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 365.)

For the appellant the cause was submitted on the brief of *deVries, Vlasak & Schallert* of Milwaukee.

For the respondents Hartford Accident & Indemnity Company and Francis Craig Zeches, the cause was sub-

mitted on the brief of *Prosser, Wiedabach, Koppa, Lane & Quale, S. C.,* attorneys, and *D. M. Quale* of counsel, all of Milwaukee.

HALLOWS, C. J. The issue raised is whether the omnibus coverage statute applies to the insurance policy of National Indemnity; and if so, whether the limits of liability afforded the named insured must be extended to the renters of the cars. The policy issued by National Indemnity is a combination automobile policy in somewhat standard form, with $10,000/$20,000 limits. In its printed form, it expressly excluded both rented vehicles and liability assumed by the insured under any contract or agreement.[1] By endorsement, coverage was extended to include renters subject to the $10,000/$20,000 financial limits of liability and other terms of the policy.[2]

---

[1] "This policy does not apply:

"(a) except under division 2 of coverage C, while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy;

"(b) under coverages A and B, to liability assumed by the insured under any contract or agreement; . . ."

[2]                    "Endorsement
                  "Livery Permit Form C

"Attached to and forming part of Policy Number ACEE 696215 issued to dba Doering Rent-A-Car, Inc., by National Indemnity Company at its Agency located (city and state) St. Paul, Minnesota. Date of Endorsement January 16, 1969.

"In consideration of an additional premium of $ Incl , permission is granted for the Automobile described in the Policy designated above to be used as a public or livery conveyance or for carrying persons for a charge; provided, however, that if such Policy covers loss of or damage by Theft, Larceny, Robbery or Pilferage the Company shall not be liable for any loss which the Insured may sustain due to Conversion, Embezzlement or Secretion by any person in possession of any Automobile described in such Policy.

"This Endorsement is subject to the limits of liability, exclusions, conditions and other terms of such Policy which are not inconsistent herewith."

These limits of liability, however, were increased to $100,000/$300,000 for Doering, the named insured, and its employees by a "General Change Endorsement," which also provided all other terms, conditions and agreements would remain unchanged. Thus by its terms, the policy provided limits of $10,000/$20,000 for renters but $100,000/$300,000 for the named insured.

National Indemnity contends the omnibus coverage statute, sec. 204.30 (3), Stats. of 1969, is applicable to this policy. We disagree. The policy was issued on January 16, 1969; the accident occurred on February 2, 1969; this action was commenced on July 3, 1969; and the amendment of 1969 did not become effective until August 2, 1969.

In sec. 204.30 (3), Stats. 1967, insurance covering a car-rental business is not excluded from its operation. The statute provides that no policy of insurance shall be issued or delivered in this state to the owner of a motor vehicle unless it contains a provision reading substantially as follows:

"The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. . . ."

This section, after providing what indemnity must be extended, provides exceptions for a public auto garage, auto repair shop, auto sales agency and service station. The Doering rental-car business is not any one of these excepted businesses and therefore the general requirements of the section must apply providing there is no other exception in the statutes.

National Indemnity argues sec. 344.51, Stats. 1967,[3] is such an exception. This section requires that renters of automobiles be covered by insurance to the extent of $10,000/$20,000 limits. It is argued this section was designed to guarantee financial responsibility to renters of automobiles because this court in *Milwaukee v. Froelich* (1928), 196 Wis. 444, 219 N. W. 954, pointed out that at common law when a person leases an automobile and is negligent in its operation, he and not the lessor is liable for the damages sustained by reason of such negligent operation. The casual borrowing of a car was distinguished from the renting of the car for compensation. A year after *Froelich* the legislature enacted sec. 344.51 (then sec. 85.215). We see no conflict between sec. 344.51, requiring minimum limits, and sec. 204.30 (3), requiring the indemnity of the named insured to be extended to other users of an auto; consequently, we do not apply the general rule that where there is a conflict between a general statute and a special statute, the special statute is controlling when it is enacted after the general statute. *See State v. Dairyland Power Cooperative* (1971), 52 Wis. 2d 45, 187 N. W. 2d 878; *Martineau v. State Conservation Comm.* (1970), 46 Wis. 2d 443, 175 N. W. 2d 206; *Grant County Service Bureau v. Treweek* (1963), 19 Wis. 2d 548, 120 N. W. 2d 634; *David A. Ulrich, Inc. v. Saukville* (1959), 7 Wis. 2d 173, 96 N. W. 2d 612.

---

[3] "344.51 **Financial responsibility for domestic rented vehicles.** (1) No person shall for compensation rent any motor vehicle to be operated by or with the consent of the person renting such vehicle unless there is filed with the department a good and sufficient bond or policy of insurance or certificate issued by a company or exchange organized under the laws of this state or duly authorized to transact business in this state. Such bond, policy, or certificate shall provide that the company or exchange which issued it will be liable for damages caused by the negligent operation of such motor vehicle in the amounts set forth in s. 344.01 (2) (d)."

National Indemnity also argues sec. 204.30 (3), Stats., does not require the same dollar limits of liability to be extended but only the coverage of the policy afforded to the named insured. Coverage, it is argued, is restricted to the type and scope of the risk and not the dollar limit of liability. While it may be true that "coverage" is often used as a word of art in the insurance industry and as such refers only to the risk of loss or the type of risks assumed,[4] "coverage" is also used especially by lay people to include not only the type of risks but the dollar limits of liability or amount of indemnity. National Indemnity relies on *Haines v. Mid-Century Ins. Co.* (1970), 47 Wis. 2d 442, 177 N. W. 2d 328, wherein this court in referring to *Klatt v. Zera* (1960), 11 Wis. 2d 415, 105 N. W. 2d 776, stated the purpose of sec. 204.34 (2) was to prohibit exclusion clauses which would withdraw any coverage or protection required to be given under sec. 204.30 (3). One can equally argue the words "coverage" and "protection" were used synonomously or that protection encompassed more than coverage. The 1969 amendment to sec. 204.30 (3) uses the word "coverage" as a subtitle and also uses the word "coverage" in the exclusion clause,[5] but this is not controlling—even if the 1969 version were applicable. In the 1967 version of sec. 204.30 (3) the exception clause does not contain the word "coverage" but provides that no insurance afforded by this paragraph shall apply, etc. The word "insurance" includes coverage in the strict sense and the limits of liability. What is important, is that both the 1969 and the 1967 versions of sec. 204.30 (3) refer to the "in-

---

[4] *See Ballentine's Law Dictionary*, p 286 (3d ed., 1969).

[5] ". . . Any such policy issued to anyone other than an automobile sales agency, repair shop, service station, storage garage or public parking place may provide that the coverage afforded thereunder to any automobile sales agency, repair shop, service station, storage garage or public parking place or its agents or employees may be limited to the limits under sec. 344.01 (2) (d) . . . ."

demnity" provided by the policy and require "The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person while riding in or operating any automobile described in this policy . . . ." Indemnity, like insurance, is more than coverage; it includes coverage in a technical sense and the policy limits—that is the protection afforded by the policy. Whatever rights the named insured has under the policy are extended by virtue of the omnibus clause.

This concept that the omnibus coverage clause includes the dollar limits of liability as well as the scope and type of risks of loss assumed is found in our other decisions. As we read these opinions we find no intent that the word "coverage" be used in a limited sense. In *Lukaszewicz v. Concrete Research, Inc.* (1969), 43 Wis. 2d 335, 168 N. W. 2d 581, we noted that whatever the indemnity may be, whether broad or limited in scope and whether required by the statute or not, it was to be extended under the omnibus statute, citing *Schenke v. State Farm Mut. Automobile Ins. Co.* (1944), 246 Wis. 301, 16 N. W. 2d 817. In *Schenke* the court referred to the omnibus coverage clause as involving an "obligation for indemnity" in respect to the insurance extended to a driver with permission. In *Shanahan v. Midland Coach Lines* (1954), 268 Wis. 233, 67 N. W. 2d 297, we referred to "coverage" of the policy and then used the word "protection." In *Schneider v. Depies* (1954), 266 Wis. 43, 62 N. W. 2d 431, we referred to the limiting of the liability of the insurer in its policy in reference to the omnibus coverage clause in terms of both "coverage" and "protection." Thus, when the omnibus statute speaks of the indemnity which must be extended, it is speaking of both coverage in a limited sense and limits of liability and therefore National Indemnity could not issue a policy granting higher dollar limits of protection to the named insured than it did to car renters.

Contrary to its written terms, the policy by operation of law must be deemed to afford the renters protection to the extent of the higher limits. *See Amidzich v. Charter Oak Fire Ins. Co.* (1969), 44 Wis. 2d 45, 170 N. W. 2d 813; *Lukaszewicz v. Concrete Research, Inc., supra.* This view is not remaking the policy. We are aware the parties were not mistaken when they wrote the policy and it was written as they intended, but National Indemnity should know or be chargeable with knowledge of the effect of the omnibus coverage statute and that it cannot issue a policy in conflict therewith. The terms required by the statute and which were left out of the policy must be read in although the increased liability is not reflected in the premium. National Indemnity's policy recognizes the possibility of this result because it contains a provision to the effect that if the terms of the policy are in conflict with the statutes of the state wherein the policy is issued, the terms are hereby "amended to conform to such statutes."

*By the Court.*—Order affirmed.