Randolph A. RAUCH, Plaintiff-Appellant,

v.

AMERICAN FAMILY INSURANCE COMPANY, a domestic corporation; Daniel E. Klatt; Fond du Lac County Department of Social Services, a subdivision of Fond du Lac County; Blue Cross-Blue Shield United of Wisconsin, a domestic corporation, Defendants-Respondents-Petitioners.

Jo Ann FICK, Guardian for Shirley A. Port, and Shirley A. Port, Incompetent, Plaintiff-Appellant,

v.

AMERICAN FAMILY INSURANCE COMPANY, a foreign corporation; Daniel E. Klatt; Sheboygan County Welfare Department a/k/a Sheboygan County Department of Social Services, a subdivision of Sheboygan County, a municipal corporation, et al., Defendants-Respondents-Petitioners.

Supreme Court

*No. 82–348. Argued October 31, 1983.—*
*Decided November 30, 1983.*

(Also reported in 340 N.W.2d 478.)

For the defendants-respondents-petitioners there was a brief by *Paul L. Axel* and *Axel & Humke, S.C.*, Sheboygan, and oral argument by *Paul L. Axel*.

For the plaintiffs-appellants there was a joint brief by *Jerald P. Donohue* and *Donohue & Donohue, S.C.*, Fond du Lac, and *William W. Moir, III,* and *Miller, Hayes, Werner & Moir, S.C.*, Sheboygan, and oral argument by *Jerald P. Donohue.*

DAY, J.   This is a review of an unpublished decision of the court of appeals reversing a judgment of the Circuit Court for Fond du Lac County, Honorable Henry B. Buslee, Circuit Judge, dismissing the plaintiffs' complaint against an automobile liability insurer.  The issue is whether third parties are precluded from recovering against an automobile liability insurance carrier because of misrepresentations made in the application for insurance as to exclusive use by insured and conviction record of any driver when they are injured in an accident involving the automobile described in the insurance policy and driven by the brother of the named insured. We conclude that they are not precluded from recovering and affirm the decision of the court of appeals.

In February of 1979, American Family Insurance Company (American Family) issued an automobile liability policy on a 1973 Chevrolet Nova owned by Lois Stoeker.  In April of 1979, the car was involved in a one-car accident in which two passengers were injured.  The driver at the time of the accident was Lois Stoeker's brother, Daniel Klatt.

The passengers, Randolph Rauch and Shirley Port (plaintiffs), filed separate actions against Mr. Klatt and American Family.  American Family answered claiming that the contract was void under sec. 631.11(2), Stats. 1979–1980,[1] due to certain false representations made in the application for insurance.

---

[1] Section 631.11(2), Stats. 1979–1980, provides:

"631.11  **Representations, warranties and conditions. . . . (2)** EFFECT OF MISREPRESENTATION OR BREACH OF AFFIRMATIVE WAR-

The two cases were consolidated by the court and the matter was set for a bifurcated trial, the first phase to deal solely with the issue of insurance coverage. Before trial, both plaintiffs filed motions for summary judgment asking the court to find coverage as a matter of law notwithstanding any misrepresentations. The court denied the motions in a memorandum decision dated September 30, 1981.

The case was tried to a jury. American Family contended that statements on the application that Lois Stoeker would drive the car one hundred percent of the time and that neither she nor any other driver had ever been arrested for other than a traffic violation were false and made with intent to deceive and were relied on by American Family. American Family adduced evidence that Daniel Klatt was the principal driver of the car and that he had recently been released from prison for a felony conviction.[2] In a special verdict, the jury

RANTY. No misrepresentation or breach of an affirmative warranty affects the insurer's obligations under the policy unless the insurer relies on it and it is either material or is made with intent to deceive, or unless the fact misrepresented or falsely warranted contributes to the loss."

[2] The Wisconsin State Commissioner of Insurance has promulgated regulations which prohibit insurance companies from refusing to issue automobile insurance to a class of risks solely on the basis of the applicant's or insured's criminal record. Wisconsin Administrative Code, Section Ins. 6.54(3) states:

"Ins 6.54. *Prohibited classification of risks for rating purposes.* . . . (3) *PROHIBITED PRACTICES.* (a) No insurance company shall refuse, cancel or deny insurance coverage to a class of risks solely on the basis of any of the following factors (taken individually or in combination), nor shall it place a risk in a rating classification on the basis of any of the following factors without credible information supporting such a classification and demonstrating that it equitably reflects differences in past or expected losses and expenses and unless such information is filed in accordance with ss. 625.12, 625.13 and 625.21(2), Stats.:

found that Lois Stoeker falsely represented that she would be the only driver of the insured vehicle and that neither she nor any other driver had ever been arrested for other than a traffic violation. The jury also found that American Family relied on those representations and that they were made with intent to deceive. American Family moved for judgment on the verdict. Plaintiff Port moved for judgment notwithstanding the verdict, and Plaintiff Rauch renewed his motion for summary judgment as well as moving for judgment notwithstanding the verdict. In a decision dated December 10, 1981, the trial court denied plaintiffs' motions and granted American Family's motion for judgment on the verdict.

The plaintiffs appealed. In an unpublished decision, the court of appeals reversed the judgment of the circuit court holding that "voiding the policy is contrary to the statutory prohibition of certain insurance policy exclusions and contrary to public policy favoring recovery by innocent third parties."

In this court, American Family renews its assertion that the insurance policy on the 1973 Chevrolet Nova was void *ab initio* under sec. 631.11(3), Stats. The plaintiffs contend that they are entitled to recover against the insurer under sec. 632.32(6)(b), notwithstanding any misrepresentation made by Lois Stoeker. Section 632.32(6)(b) states:

"**632.32 Provisions of motor vehicle insurance policies.** . . . (6) PROHIBITED PROVISIONS. . . ." (b) No policy may exclude from the coverage afforded or benefits provided:

"The applicant's or insured's past criminal record: . . ."

Because of our holding that these plaintiffs can recover notwithstanding the misrepresentations made on the insurance application, we do not reach the question of whether a misrepresentation as to past criminal record can be the basis for invalidation under sec. 631.11(2), Stats.

"1. Persons related by blood or marriage to the insured.

"2. a. Any person who is a named insured or passenger in or on the insured vehicle, with respect to bodily injury, sickness or disease, including death resulting therefrom, to that person.

"b. This subdivision, as it relates to passengers, does not apply to a policy of insurance for a motor-driven cycle as defined in s. 340.01(33) or a moped as defined in s. 340.01(29m) if the motor-driven cycle or moped is designed to carry only one person and does not have a seat for any passenger.

"3. Any person while using the motor vehicle, solely for reasons of age, if the person is of an age authorized to drive a motor vehicle.

"4. Any use of the motor vehicle for unlawful purposes, or for transportation of liquor in violation of law, or while the driver is under the influence of intoxicating liquors or narcotics or any use of the motor vehicle in a reckless manner."

The predecessor statute to sec. 632.32(6)(b) was sec. 204.34, Stats. This court has interpreted that section on a number of occasions as intended primarily for the protection of third-parties. In *Pavelski v. Roginski*, 1 Wis. 2d 345, 84 N.W.2d 84 (1957), the issue was whether one driving an automobile with the permission of the owner and named insured was covered as an additional insured under the omnibus coverage clause[3] of the owner's insurance policy, even though his driver's li-

---

[3] The current omnibus coverage statute is sec. 632.32(3), Stats. That section provides:

"632.32 **Provisions of motor vehicle insurance policies . . .** (3) REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:

"(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

"(b) Coverage extends to any person legally responsible for the use of the motor vehicle."

cense had been revoked and therefore he did not have "permission legally granted." The court applied sec. 204.34, Stats. and stated:

"This section forbids certain types of exclusions from coverage. An insurance company and an insured cannot agree on an exclusion so that there is no coverage while the driver is under the influence of intoxicating liquors or narcotics. The same section forbids an exclusion of operation of the automobile for unlawful purposes. It is clear that the legislature was more concerned with the interest of members of the public who might be injured under such circumstances than it was in protecting persons, driving under the influence of liquor or narcotics or using automobiles in unlawful pursuits, from having to pay damages." *Pavelski,* 1 Wis. 2d at 350.

This court reiterated the interpretation given sec. 204.34 in *Pavelski* in *Haines v. Mid-Century Ins. Co.,* 47 Wis. 2d 442, 177 N.W.2d 328 (1970). In that case the court said:

"[T]he purpose of sec. 204.34(2), Stats. is to prohibit exclusion clauses that would withdraw any coverage or protection required to be given under sec. 204.30(3), the so-called omnibus coverage statute [now sec. 632.32 (3)]. In essence, the purpose of both these sections read together is to provide protection to innocent third persons injured by the negligent operation of motor vehicles by others regardless of the relationship between the victim and the driver." 47 Wis. 2d at 447.

In *Zepczyk v. Nelson,* 35 Wis. 2d 140, 150 N.W.2d 413 (1967), this court applied sec. 204.34, Stats. to a fact situation almost identical to the present case. In *Zepczyk,* a father purchased an insurance policy covering a car owned by his son. The application stated that the named insured, the father, would be the sole driver of the car. The son was later involved in an accident while driving the car.

The case came before this court on an appeal from a trial court order denying the insurer's motion for sum-

mary judgment. This court affirmed the order of the trial court stating that summary judgment was inappropriate because there were material issues of fact. The court further stated:

"In denying the motion for summary judgment, the trial court also correctly considered the provisions of sec. 204.34, Stats. . . .

"Even if the insured had knowledge of the 100 percent clause in the application when he signed it, and that the statement was false and made with the intent to deceive or increased the risk or contributed to the loss, the insurance company could not avoid liability to an innocent third person on the grounds that the car was driven by a person other than the named insured and who could not be excluded under the provisions of sec. 204.34(1). Such a situation would permit an insurance company to avoid liability by inserting provisions in an application which they could not avoid under circumstances described in sec. 204.34(1). The result would be entirely inconsistent with the statutory purposes of sec. 204.34(1), which were well set forth in *Pavelski v. Roginski*, 1 Wis. 2d 345, 84 N.W.2d 84 (1957), wherein it was stated:

" 'It is clear that the legislature was more concerned with the interest of members of the public who might be injured under such circumstances than it was in protecting persons driving under the influence of liquor or narcotics or using automobiles in unlawful pursuits, from having to pay damages.' " *Zepczyk*, 35 Wis. 2d at 145–146.

We conclude that the principal purpose underlying the rule of sec. 632.32(6)(b), Stats. prohibiting exclusion of certain classes of people from insurance coverage is protection of third parties.[4] It is evident that that purpose

---

[4] In *Mercado v. Mitchell*, 83 Wis. 2d 17, 29, 264 N.W.2d 532 (1978), this court noted: "Although liability insurance was originally designed to protect an insured against loss caused by his tort liability to a third person, it has come to be used

would be frustrated if innocent third parties were denied recovery because of misrepresentations made by the named insured on the application for insurance. We conclude therefore that sec. 632.32 (6) (b), Stats. gives third parties rights in liability insurance contracts which are not dependent on the validity of the contract between the insurer and the named insured. The plaintiffs in this case can recover against American Family notwithstanding the misrepresentations made by Lois Stoeker in the application for insurance.

American Family contends that the present case is governed by the case of *Peil v. Kohnke,* 50 Wis. 2d 168, 184 N.W.2d 433 (1971) in which this Court invalidated an automobile insurance contract for misrepresentation. In *Peil,* the named insured falsely represented that he was both the principal user and the owner of the automobile. In fact the car was owned and used by the named insured's brother who had previously been denied insurance by the company and was ineligible for insurance with them because he was a bartender and had been cancelled by other insurers. Furthermore, the named insured had obtained the policy at a reduced rate because of a multiple car discount.

By contrast, in the case before us the car was owned by the named insured, Lois Stoeker, and was titled in her name. She had driven the car on at least five occasions. Although she owned another car, the only car on the policy with American Family was the car driven by her brother at the time of the accident. In the *Zepczyk* case, the insurer was aware that the car was owned by the son but being insured by the father. The court in *Peil* did not discuss the *Zepczyk* case nor consider the effect of the nonexclusion provisions now contained in section 632.32 (6) (b), Stats. Thus, it did not

openly and extensively as a device for insuring compensation to victims."

address the precise question presented by this case.

We note that there are a number of other statutory provisions in the insurance code that recognize third party rights in insurance contracts. Section 632.24, Stats., the direct action statute, permits third parties to proceed against the insurer directly irrespective of whether the liability is presently established or contingent and to become fixed or certain by final judgment against the insured. Section 632.22, Stats. requires that all liability insurance policies contain a provision that the bankruptcy or insolvency of the insured not diminish the insurer's liability to third parties. Section 632.34 eliminates the insurer's defense of noncooperation against third parties unless there was collusion between the third party and the insured or unless the third party claimant was a passenger in the insured vehicle.

This court has also held that under the Wisconsin direct action statute an injured third party can recover against a liability insurer even though the third party claimant has given an absolute release to the named injured. In *Loy v. Bunderson,* 107 Wis. 2d 400, 320 N.W. 2d 175 (1982), the question before the Court was "whether, assuming an absolute release of the insured after the commencement of the lawsuit, the insurance company nevertheless, under the direct action statute, remains potentially liable for damages to a party who sustained injuries as the consequence of an insured's negligence." 107 Wis. 2d at 421. In that case, the plaintiff had given a release to the insured after settling with the primary insurer. The excess insurer argued that the discharge of the liability of the named insured relieved it of any obligation whatsoever under its policy. The court rejected the argument on the grounds that under Wisconsin law, an automobile accident policy is required to be one of liability and not merely of indemnification. The court stated:

"As long ago as 1941, Justice Wickhem discussed the relationship of indemnity clauses in insurance policies and contrasted the Wisconsin law with those states in which automobile insurers are permitted to write policies which are only those of indemnity. Justice Wickhem in *New Amsterdam Casualty Co. v. Simpson*, 238 Wis. 550, 554–55, 300 N.W. 367 (1941), write [sic]:

" 'This is not true in Wisconsin. Under sec. 85.93, Stats., the insurance company is made directly liable to the injured party. . . . Hence, the injured party with a cause of action directly against the insurer is in a real, as well as a technical sense, the principal adversary of the insurance company. . . . This [is] quite different from the case of the ordinary indemnity . . . . policy where the injured party merely resorts to the policy as an asset of the insured.' " 107 Wis. 2d at 423.

The court also quoted with approval the New Jersey case of *Christina Deblon v. Leslie Beaton and Jersey Ins. Co.*, 103 N.J. Super. 345, 247 A.2d 172 (1968) wherein the court stated that the public policy engrafted into the statutes is one:

" '. . . favoring the availability to insured persons of the liability insurance of those whose negligence is the cause of their plight. . . . Furtherr ore, upon the happening of an accident an injured party acquires an interest in an insurance policy which may be available . . . , and that construction of such policy should be adopted which will afford the widest possible coverage. . . . Accordingly, the policy clause, 'legally obligated to pay,' cannot receive the narrow construction sought by Jersey, grounded as it is in the rather metaphysical approach that the covenant not to sue released Jersey's insured *in toto*, despite its clear intention not to do so. All that is required is a jury verdict of negligence and damages in excess of the primary coverage. . . .' " 103 N.J. Super. at 351, 247 A.2d at 175.

We also point out that our holding will not have the effect of licensing or encouraging false statements on insurance applications. One of the principal purposes behind the rule permitting insurers to invalidate con-

tracts procured through misrepresentation is to help guarantee that insurers are provided with the information necessary to underwrite the insured risk. The threat of invalidation is an incentive to tell the truth.

In cases like this one, which involve claims by third parties injured by a driver other than the named insured, that incentive is not present. Permitting recovery to innocent third parties does not result in any advantage to the named insured. Since Lois Stoeker could not be held liable to these plaintiffs, denying recovery would not expose her to any greater risk.

Furthermore, we are not holding that sec. 632.32 (6) (b), Stats. requires that the named insured receive the benefit of the contract when third parties are injured while the insured automobile is being driven by someone other than the named insured. As between the insurer and the named insured, the contract is void for misrepresentation. Any claim Lois Stoeker might bring against American Family on the contract is defeated by the misrepresentation statute.

Finally, this court has held in a related context that an insurer is presumed to know the effect of the law, and its terms are incorporated in the contract even though the insurer's increased exposure is not reflected in the premiums charged to the insured. In *Smith v. National Indemnity Co.*, 57 Wis. 2d 706, 714, 205 N.W.2d 365 (1973), this court said:

"We are aware the parties were not mistaken when they wrote the policy and it was written as they intended, but National Indemnity should know or be chargeable with knowledge of the effect of the omnibus coverage statute and that it cannot issue a policy in conflict therewith. The terms required by the statute and which were left out of the policy must be read in although the increased liability is not reflected in the premium."

We hold that American Family is similarly chargeable with knowledge of the effect of the nonexclusion provisions contained in sec. 632.32(6)(b), Stats. The insurer's obligation to third parties under the conditions stated in this opinion is made a part of the contract by operation of law.

*By the Court.*—Decision of the court of appeals is affirmed.

STEINMETZ, J. (dissenting). The decision of the majority is not new bad law but rather continues the error of *Zepczyk v. Nelson,* 35 Wis. 2d 140, 150 N.W.2d 413 (1967). I was not on the court in 1967, so this is my first opportunity to voice my dissent.

In *Zepczyk,* the court analyzed sec. 209.06(1), Stats. 1965.[1] What the legislature meant to accomplish, this court abandoned. The legislature stated that no oral or written statement by an insured voided a policy unless:

"(1) the statement was false and made with the intent to deceive, or

"(2) the statement increased the risk or contributed to the loss."

*Zepczyk* held at 145:

"Even if the insured had knowledge of the 100 percent clause in the application when he signed it, and that the statement was false and made with the intent to deceive or increased the risk or contributed to the loss, the insurance company could not avoid liability to an innocent third person on the grounds that the car was driven by a person other than the named insured and who could not be excluded under the provisions of sec. 204.34(1). Such a situation would permit an insurance company to avoid liability by inserting provisions in an application which they could not avoid under circumstances de-

[1] Sec. 209.06(1), Stats. 1965, has been revised and renumbered and is now sec. 631.11(2).

scribed in sec. 204.34 (1). The result would be entirely inconsistent with the statutory purposes of sec. 204.34 (1), which were well set forth in *Pavelski v. Roginski* (1957), 1 Wis. 2d 345, 84 N.W.2d 84."

That statement was made in the context of a motion for summary judgment review where there was conflicting evidence on material facts as to whether the insurance company waived or was estopped from relying upon the misstatements of the insured in his application. After discussing the waiver or estoppel issue, the court then made the general statement that even intentional misrepresentations were of no consequence to the insurer as applied to the innocent third persons.

The brother-driver in this case could not have been excluded as a driver covered by the policy; however, had the company known of his existence and the possibility that he might be even an occasional driver, the company could have refused to issue the policy. There is no law presently in Wisconsin compelling the issuance of a policy to a known bad risk. Such policy is issued only, if at all, in an assigned risk pool category and a commensurate premium is charged.

After the *Zepczyk* case, the provisions of sec. 209.06 (1), Stats. 1965, regarding false intentional statements increasing the risk were superfluous; applications taken by insurance companies now have no value except perhaps in denying the issuance of a policy or setting a proper premium. Once an untruthful applicant has been issued a policy, that person escapes personal liability or even any responsibility, since the balance is in favor of innocent third persons. Since *Zepczyk,* any insurance companies issuing coverage before making a thorough investigation as to the truthfulness of the risk covered have been fair game for deceit and deceitful applications. Such companies have been placing ill-found reliance on the seemingly clear language of sec. 209.06 (1),

and they have been wrong since the instant case also rewards deceit by allowing the insured to escape personal liability.

In life insurance policy cases, we hold deceit in the application voids the policy *ab initio. Powalka v. State Mut. Life Assurance Co.,* 41 Wis. 2d 151, 163 N.W.2d 162 (1968) ; *Calligaro v. Midland Casualty Co.,* 211 Wis. 319, 247 N.W. 846 (1933) ; *Frozena v. Metropolitan Life Ins. Co.,* 211 Wis. 373, 247 N.W. 333 (1933). Those rulings seem inconsistent with *Zepczyk* and the instant ruling, at least as applied to innocent beneficiary third persons to the life insurance policies.

The majority has done a balancing of opposing interests. It has weighed the interests of third persons to a contract who are injured against the interests of an innocent party to the contract, the insurance carrier, and has found that the interests of the third persons must prevail. In so holding, the majority has disregarded as a matter of law the insured's intentional deceitful statements made to fraudulently obtain the policy. I would not balance in favor of intentionally deceitful misrepresentations for the benefit of the injured third party and the insured who made the misrepresentations. It is an example of the unacceptable adage that the end justifies the means. In considering these opinions, it is not who is right but what is right.

I dissent and would reverse the court of appeals and overrule *Zepczyk.*

I am authorized to state that JUSTICE LOUIS J. CECI joins in this dissent.