Cheryl WILLMS, Special Administrator of the Estate of Brooke Dwight Tibbs, Deceased, Plaintiff-Respondent,

v.

Mark L. ZANGL, Defendant-Respondent,

HERITAGE MUTUAL INSURANCE COMPANY, a Wisconsin insurance corporation, Defendant and Third-Party Plaintiff-Appellant,†

HARTFORD ACCIDENT & INDEMNITY COMPANY, a foreign insurance corporation; Tower Insurance Company, Inc., a domestic insurance corporation; Town of Lake Tomahawk, a municipal body politic of Oneida County, State of Wisconsin; and Oneida County, a body politic of the State of Wisconsin, Third-Party Defendants.

[Case No. 83–869.]

Richard C. COFFEN and Lorraine Coffen, Plaintiffs-Respondents,

v.

Mark L. ZANGL, Defendant-Respondent,

HERITAGE MUTUAL INSURANCE COMPANY, a Wisconsin insurance corporation, Defendant and Third-Party Plaintiff-Appellant,†

HARTFORD ACCIDENT & INDEMNITY COMPANY, a foreign insurance corporation; Tower Insurance Company, Inc., a domestic insurance corporation; Town of Lake Tomahawk, a municipal body politic of Oneida County, State of Wisconsin; and Oneida County, a body politic of the State of Wisconsin, Third-Party Defendants.

[Case No. 83–870.]

John LANGREN, Guardian ad Litem for David E. Langren,
Minor, Plaintiff-Respondent,

v.

Mark L. ZANGL, Defendant-Respondent,

HERITAGE MUTUAL INSURANCE COMPANY, a Wisconsin
insurance corporation, Defendant and Third-Party
Plaintiff-Appellant,†

HARTFORD ACCIDENT & INDEMNITY COMPANY, a foreign
insurance corporation; Tower Insurance Company,
Inc., a domestic insurance corporation; Town of
Lake Tomahawk, a municipal body politic of Oneida
County, State of Wisconsin; and Oneida County, a
body politic of the State of Wisconsin, Third-Party
Defendants.

[Case No. 83–871.]

Court of Appeals

*Nos. 83–869, 83–870, 83–871. Submitted on briefs February 6, 1984.
—Decided April 24, 1984.*
(Also reported in 349 N.W.2d 95.)

† Petition to review denied. STEINMETZ, J., dissents.

For the appellant the cause was submitted on the briefs of *DeBardeleben & Snyder* of Park Falls.

For the respondent, Cheryl Willms, the cause was submitted on the brief of *Todd R. McEldowney* and *O'Melia, Eckert & Assoc., S.C.,* of Rhinelander.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Heritage Mutual Insurance Company appeals summary judgments for the plaintiffs for their damages from a car accident, and for Mark Zangl for his attorney fees in defending the actions.  Heritage refused to represent Zangl and denied the plaintiffs' claims because its named insured had misrepresented to Heritage that he, rather than Zangl, was the owner of the car. Because this misrepresentation is not a defense to the plaintiffs' claims, we affirm their judgments.  Because the misrepresentation may defeat Zangl's claim for attorney fees, we reverse the judgment for Zangl and remand his claim to the trial court for further proceedings.

Heritage issued its insurance policy to Jerome Semo, Zangl's employer.  Semo held title to the car, but the car actually belonged to Zangl.  Semo paid for the insurance in lieu of giving Zangl a raise in pay.  The trial court held that Zangl was driving with Semo's permission and was therefore insured by Semo's policy.  The trial court granted the summary judgments without deciding the misrepresentation question.

As a matter of public policy, Heritage must pay the plaintiffs' judgments.  An insured's misrepresentation is not a defense to these claims. *See Rauch v. American Family Insurance Co.,* 115 Wis. 2d 257, 265, 340 N.W.2d 478, 482 (1983). *Rauch* was decided after this appeal was taken, and it controls our decision.

The misrepresentation could, however, defeat Zangl's claim on the insurance contract. *Rauch* states that a misrepresentation can defeat a named insured's claim. *See id.* at 268, 340 N.W.2d at 484; *see also* sec. 631.11, Stats. On the facts of this case, we can think of no reason to treat Zangl differently from a named insured. He is making a claim for a benefit provided by the insurance contract, not a claim covered by the contract. He is claiming as an additional insured, not as an innocent victim of someone else's negligent driving. The policy reason in *Rauch,* to ensure compensation of innocent victims of car accidents, is therefore not present.

Because the misrepresentation defense involves fact questions that must still be resolved, summary judgment was not appropriate. *See Krezinski v. Hay,* 77 Wis. 2d 569, 572, 253 N.W.2d 522, 524 (1977). Heritage did not waive this defense by not briefing it in the trial court. The trial court requested briefing only on the issue of whether Zangl was driving the car with Semo's permission. Heritage noted in its trial brief that because of this direction, it was not addressing the misrepresentation question. Under the circumstances, this was reasonable.

*By the Court.*—Judgments affirmed as to the plaintiffs, judgment reversed as to defendant Zangl, and cause remanded. Costs to plaintiffs against Heritage. No costs to Zangl or Heritage.