City of Milwaukee, Respondent, vs. Froelich, Appellant.

*May 12—June 18, 1928.*

Samuel E. Gross of Milwaukee, for the appellant.

For the respondent there was a brief by *John M. Niven,* city attorney, and *Andrew W. Brunhart,* assistant city attorney, and oral argument by *Mr. Brunhart.*

Rosenberry, J.   Sec. 1369.125 of the Milwaukee Code of 1914, relating to the regulation of taxicabs in the city of Milwaukee, reads as follows:

"It shall be unlawful for any person, firm or corporation to drive or operate a taxicab, livery vehicle or sight-seeing bus or to obtain a license therefor," unless such person, firm,

or corporation shall have given a bond provided for "conditioned that the owner, operator or driver of said taxicab, livery vehicle or sight-seeing bus for which a license has been applied will pay any final judgment rendered against said owner, operator or driver of said taxicab, livery vehicle or sight-seeing bus within the limits herein provided," etc.

The defendant owns and operates a rent-a-car establishment. The manner of operation of such an establishment is that the proprietor keeps on hand certain automotive vehicles; the customer rents by the hour or upon some other agreed basis the vehicle for which he pays the agreed compensation. The person leasing the vehicle then drives the leased vehicle upon the streets himself and returns it to the custody of the person from whom he leased it.

The question is whether the owner of the rented vehicle is required to procure a license under the provisions of sec. 1369.125. It is argued that because the vehicle is a livery vehicle and is leased by the owner, the owner should provide the bond required by the section. It is considered that the situation of the parties is not within the purview of the ordinance. If a person leases an automobile and thereafter drives it upon the streets and by reason of his negligent operations injuries result, the lessee and not the lessor is liable for the damages sustained by reason of such negligent operation. A lease is nothing more nor less than a term ownership, and where the lessee operates the vehicle for his own purposes and is in fact a lessee, the lessor is not liable for his tortious acts. The lessor is not the driver or operator of the vehicle within the meaning of the ordinance.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the complaint.