AMERICAN FAMILY MUTUAL INSURANCE CO.,
Plaintiff-Appellant,

v.

RECIPROCAL INSURANCE SERVICE EXCHANGE
MANAGEMENT COMPANY, Defendant,

ADJUSTERS AUTO RENTAL OF WISCONSIN, INC.,
Defendant and Third-Party Plaintiff-Respondent,

ALLSTATE INSURANCE CO. and Robert R. Lippe,
Third-Party Defendants.

Court of Appeals

*No. 82–616. Submitted on briefs December 8, 1982.—
Decided January 13, 1983.*
(Also reported in 330 N.W.2d 223.)

For the plaintiff-appellant the cause was submitted on the briefs of *deVries, Vlasak & Schallert, S.C.,* by *Stuart B. Eiche,* of Milwaukee.

For the defendant and third-party plaintiff-respondent the cause was submitted on the brief of *Stanley H. Michelstetter II,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

WEDEMEYER, J.   American Family Mutual Insurance Company (American Family) appeals from an order

of the circuit court granting summary judgment against it and in favor of the defendant, Adjusters Auto Rental (Adjusters). We affirm the order of the trial court, because we determine that the phrase, "directly liable," found in sec. 344.51(2), Stats., does not make a lessor (in this case, Adjusters) liable to an insurer (American Family) of the lessee for monies the insurer paid to those injured as a result of the negligence of the lessee.

Robert Lippe had an automobile liability insurance policy with American Family. Lippe was involved in an accident and his car was rendered inoperable. It was arranged for Lippe to use a temporary substitute automobile until his car was repaired. The temporary substitute automobile was leased to Lippe by Adjusters. While driving the temporary substitute automobile, Lippe was involved in another accident. Lippe's policy with American Family covered accidents occurring while Lippe drove a temporary substitute automobile. American Family paid $30,206.64 to claimants harmed in the second accident due to Lippe's negligent driving.

American Family then sued Adjusters, claiming that Adjusters failed to comply with sec. 344.51(1), Stats., and was thus "directly liable," under sec. 344.51(2), to American Family for the amount paid to claimants harmed by Lippe's negligent driving. American Family further claimed that Adjusters was liable to American Family in an amount not to exceed $200; *see* sec. 344.51 (3). The circuit court granted summary judgment to Adjusters and American Family appealed.

Section 344.51, Stats., states:

Financial Responsibility For Domestic Rented Vehicles. (1) No person may for compensation rent any motor vehicle to be operated by or with the consent of the person renting the vehicle unless there is filed with the department a good and sufficient bond or policy of insurance issued by an insurer authorized to do an automobile liability insurance or surety business in this state.

The bond, policy or certificate shall provide that the insurer which issued it will be liable for damages caused by the negligent operation of the motor vehicle in the amounts set forth in s. 344.01(2)(d).

(2) Any person failing to comply with this section is *directly liable* for all damages caused by the negligence of the person operating such rented vehicle to the extent that such liability could have been established if this section had been complied with.

(3) Any person violating this section may be required to forfeit not more than $200.

(4) In this section, "motor vehicle" means a self-propelled vehicle. [Emphasis added.]

American Family's suit is premised on the contentions that Adjusters failed to comply with sec. 344.51(1), Stats., and that sec. 344.51(2) makes Adjusters liable to American Family for failure to comply with sec. 344.51 (1). Since the circuit court was correct in its determination that sec. 344.51(2) does not make a lessor (Adjusters) liable to the lessee's insurer (American Family) for monies paid to persons harmed due to the negligent driving of the lessee, this court need not determine whether Adjusters complied with sec. 344.51(1).

We conclude that there are two bases lending support to the determination of the trial court. At common law, the lessor of an automobile was not liable to an innocent third party for the negligent operation of the rented automobile by the lessee. *City of Milwaukee v. Froelich,* 196 Wis. 444, 445, 219 N.W. 954, 955 (1928). A year after *Froelich* was decided, the predecessor to sec. 344.-51, Stats., sec. 85.215, Stats. (1929), was enacted. *See Smith v. National Indemnity Co.,* 57 Wis. 2d 706, 711, 205 N.W.2d 365, 368 (1973). This court may examine legislative response to a judicial pronouncement of a common law rule to determine whether the common law rule has been abrogated.[1] The action by the legislature

---

[1] *See Goller v. White,* 20 Wis. 2d 402, 412, 122 N.W.2d 193, 198 (1963) (in which the court overturned a common law rule after

in enacting sec. 85.215, we believe, was clearly to abrogate, at least partially, the common law rule enunciated in *Froelich*. The legislature was making a policy decision that lessors were liable to persons harmed by the negligence of the lessee, *if* the lessee was unable to pay the damages. The legislature did not mean to make a lessor liable to a lessee's insurer for monies paid by the insurer to persons harmed by the lessee's negligence. We believe our decision may rest solely on this ground.

However, we nevertheless conclude that this decision may also rest on our construing sec. 344.51, Stats., similarly to sec. 344.52, Stats. To date, sec. 344.51(2) has not been the subject matter of any reported litigation, but a companion statute, sec. 344.52, was interpreted in *Herchelroth v. Mahar*, 36 Wis. 2d 140, 153 N.W.2d 6 (1967). Both secs. 344.51 and 344.52 are concerned with the general subject of financial responsibility (as is every statute in ch. 344). Both are also specifically concerned with financial responsibility for rented vehicles. The only significant difference between the statutes is that sec. 344.51 refers explicitly to vehicles rented in Wisconsin, while sec. 344.52 refers to vehicles rented out-of-state. Because these statutes deal with the same subject matter, we must construe sec. 344.51 similarly to the manner in which sec. 344.52 has been construed.[2]

The court in *Herchelroth* declared that the purpose of the financial responsibility chapter is "to assure response in damages . . . ." *Herchelroth, supra,* at 153, 153 N.W. 2d at 13. *Herchelroth* also stated that the direct liability clause of sec. 344.52, Stats., (the same clause we are in-

noting that the legislature had refused to act to change the rule); *see also* Comment, *Statutory Construction—Legislative Intent—Use of Extrinsic Aids in Wisconsin,* 1964 Wis. L. Rev. 660, 669–70.

[2] "It has long been settled in this state that statutes *in pari materia, i.e.,* dealing with the same subject matter, must be read together and harmonized if possible." *Weiss v. Holman,* 58 Wis. 2d 608, 619, 207 N.W.2d 660, 665 (1973).

terpreting here in sec. 344.51, Stats.) was designed to place upon a lessor a "secondary liability." *Id.* We interpret *Herchelroth* to mean that the lessor is liable to persons damaged by the negligent operation of the leased automobile by the lessee, if the lessee or his insurer is unable to pay the damages. This is also consistent with our interpretation of the legislature's purpose in passing sec. 85.215, Stats. (1929), one year after the *Froelich* decision. While *Herchelroth* stated the statute was silent as to whether the lessee or lessor ultimately was to bear the loss, *id.*, and did not answer the question it posed, we believe that the court was proposing that lessors who had paid for damages caused by a negligent lessee might be allowed to sue the lessee to recover the monies paid by the lessor. While we need not answer this question, we do conclude that this statement in *Herchelroth* was not intended to allow insurers of lessees to sue lessors.

As a matter of law, sec. 344.51(2), Stats., does not allow a lessee's insurer to sue a lessor for damages it paid to those injured as a result of the lessee's negligent driving. We have come to this conclusion by viewing the initial passage of sec. 344.51 (then sec. 85.215 (1929)) as at least partially abrogating the common law enunciated in *Froelich, supra,* and also by interpreting sec. 344.51 consistently with its companion statute, sec. 344.-52, Stats.

*By the Court.*—Order affirmed.