**PROCESS ACCESSORIES COMPANY d/b/a Guy Speaker Co., Inc., Plaintiff,**

v.

**BALSTON, INC., Defendant.**

**Civ. A. No. 84–C–297.**

United States District Court,
E.D. Wisconsin.

June 16, 1986.

Craig L. Parshall, Cook, Hickey & Parshall, Waukesha, Wis., for plaintiff.

Bruce C. O'Neill, Fox, Carpenter, O'Neill & Shannon, S.C., Milwaukee, Wis. and Richard F. McCarthy, Richard E. Bennett, Willcox, Pirozzolo & McCarthy, Professional Corp., Boston, Mass. and Richard P. Crowley, Wianno Place, Osterville, Mass., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff, Process Accessories Company (hereinafter "Process"), has brought this diversity action seeking damages for alleged violations by the defendant, Balston, Inc., of the Wisconsin Fair Dealership Law. Wis.Stat. §§ 135.01–07. Currently before the court are defendant's motions to dismiss or for summary judgment, and plaintiff's motion to amend its complaint. The court will deny plaintiff's motion to amend because it fails to cure the defects in the original complaint. The court will grant the defendant's motions for summary judgment and to dismiss.

Process is a Minnesota Corporation with its principal place of business in Eden Prairie, Minnesota, and an office in Milwaukee, Wisconsin. Process's tax returns list its address in Minnesota. Balston is a Massachusetts corporation whose principle place of business is in Lexington, Massachusetts.

Balston sold industrial filters to Process who would, in turn, sell them to its own customers. Process was first appointed a distributor of Balston in January, 1971, and the parties signed their final written contract in January of 1972. Process does,

and did, a substantial business apart from its arrangement with Balston.

Negotiations surrounding the contract took place in Minnesota. Balston sent all correspondence to the plaintiff at its Minnesota address and Balston apparently mailed the final version of the contract to the plaintiff for signature. That contract made no provision for the law to be applied in the event that the parties felt the need to resolve any disputes in court. The agreement was never modified by the parties pursuant to a signed written agreement.

The 1972 agreement between the parties defined Process's territory as covering Upper Michigan, and the states of Minnesota, North Dakota, South Dakota, and Wisconsin. The agreement allowed either party to terminate the relationship on thirty days notice. Balston personnel visited Process, provided Process with advertising materials and customer leads, and held sales meetings which representatives of Process attended.

Balston unilaterally reduced the size of Process's territory by telephone in 1977, taking away the southeastern portion of South Dakota; in 1978, by letter, removing parts of North and South Dakota; and in a 1981 letter, by taking away southern Wisconsin. That left the plaintiff with a territory consisting of the state of Minnesota, and portions of Michigan, North and South Dakota, and Wisconsin. Finally, by letter dated March 9, 1983, Balston fully terminated its relationship with the plaintiff, effective April 9, 1983.

Plaintiff alleges in the first count of its original complaint that each and every termination was defective under the Wisconsin Fair Dealership law in that they were without good cause, and that they failed to comport with the notice requirements of the Wisconsin Fair Dealership Act. The second count of plaintiff's original complaint alleges that Balston breached a common law duty of good faith. The amended complaint, in an attempt to avoid defendant's contention that most of the suit is untimely, includes allegations that the ad-

justments in territory constituted a continuum of wrongdoing.

In support of its motion for summary judgment on Count I the defendant argues that Wisconsin law does not apply; that if Wisconsin law does apply, that plaintiff is not a dealership with protection under the Dealership Act and that the agreement itself predates the Dealership Act and does not apply; and that, in any event, only the claim for the April 9, 1983, termination would be timely. In support of its motion for summary judgment or to dismiss the second count the defendant argues that it does not owe plaintiff a duty of good faith under Wisconsin law.

The entry level question for the court is to determine what law applies to the contract between the parties. Wisconsin has adopted the "grouping-of-contacts" choice of law analysis set forth in the Restatement (Second) of Conflicts of Laws at Section 188. *Haines v. Mid-Century Insurance Co.*, 47 Wis.2d 442, 446, 177 N.W.2d 328 (1970). Application of those principles reveals that Wisconsin law does not apply to the contract between the parties to this lawsuit.

Section 188(1) directs this court to apply the law of the state "that has the most significant relationship to the transaction and the parties under the principles stated in § 6." Section 6 of that Restatement is as follows:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the national and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflicts of Laws § 6 (1969)

Section 188(2) informs the court that the "contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include":

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

Restatement (Second) of Conflicts of Law § 188(2) (1969)

Application of the factors set forth in § 188 require the court to apply Minnesota law to this action. The contract was negotiated and signed in Minnesota. Minnesota was the principal place of performance among the five states listed in the original agreement and plaintiff is incorporated in and conducts most of its business in the state of Minnesota. A review of the uncontested facts presented by the parties in light of these factors reveals that for each and every consideration, Minnesota, and not Wisconsin, has more significant contacts.

The court is mindful that "a contact can be considered significant only in terms of its relevance to a specific domestic law and the policy underlying that law." *Haines*, 47 Wis.2d at 447, 177 N.W.2d 328. Here the court must consider the significance of contacts in light of the policy objectives of the Wisconsin Fair Dealership Act, and the considerations listed under § 6 of the Restatement of Conflicts of Laws. A balancing of the Wisconsin interests against that of Minnesota, the defendant, and others, is not necessary because the court

finds that the putative basis for Wisconsin's interest, the Dealership Act, would not be applicable to the situation presented.

Plaintiff asks the court to apply a rather novel Wisconsin law to an agreement covering several states, entered into in Minnesota by two non-Wisconsin parties before the Wisconsin Dealership law was enacted. The alleged violations of the law occured for the most part in states other than Wisconsin, and sufficiently long ago so that the claims, if valid, would in large part be barred by the applicable one-year statute of limitations.

The question is whether Wisconsin policy considerations are so strong as to require the application of Wisconsin law to these facts. A review of the Wisconsin Fair Dealership Act and its stated policies reveals that that Act's protections would not apply to plaintiff even if Wisconsin law were to govern the dealings between these parties.

The Dealership Act would not apply for a variety of reasons. Chief among these is the fact that plaintiff was a manufacturer's representative, and not a dealer, as that term is used in the Act. Even if plaintiff was a dealer, most of its claim would be barred by the relevant statute of limitations, Wis.Stat. 893.93(3)(b), and the fact that most of its dealership was situated outside the state of Wisconsin. *Swan Sales Corp. v. Joseph Schlitz Brewing Co.* 126 Wis.2d 16, 22, 374 N.W.2d 640 (Wis.Ct. App.1985). Plaintiff's arguments to the contrary are novel, but unpersuasive. Finally, the court cannot find merit in plaintiff's contention that the deprivations in territory were sufficient amendments to avoid defendant's claim of retroactivity, and bring the agreement within the scope of the Act.

The policies of the Dealership Act are not implicated by the situation presented because that Act would be inapplicable even if Wisconsin law were to apply. Since all the other factors point to Minnesota law, and because Wisconsin has no particular interest in the contract at issue, the court finds that Minnesota law applies to the

contract. As a result, defendant's motion for summary judgment as to the first count of plaintiff's complaint will be granted.

The conflict of laws analysis renders plaintiff's motion to amend moot and that motion will be denied as such.

Finally, defendant's motion to dismiss the second count of plaintiff's complaint will be granted. There is no legal basis for the tort claim of bad faith under the facts presented.

IT IS THEREFORE ORDERED that plaintiff's motion to amend its complaint is denied as moot.

IT IS FURTHER ORDERED that defendant's motion for summary judgment as to the first count of plaintiff's complaint be granted; and that defendant's motion to dismiss the second count of plaintiff's complaint be granted; and that this action be dismissed.