IN RE the MARRIAGE OF: Bettie L. SCHESSLER, Petitioner, v. Carl B. Schessler, Deceased, Respondent:

Carl. L. SCHESSLER and Carl L. Schessler, Personal Representative of the Estate of Carl B. Schessler, Appellants,

v.

Bettie L. SCHESSLER, Respondent.

Court of Appeals

*No. 93–1726–FT. Submitted on memoranda August 30, 1993.—Decided October 27, 1993.*

(Also reported in 508 N.W.2d 65.)

For the appellants the cause was submitted on the memoranda of *John Q. Kamps* of Waukesha.

For the respondent the cause was submitted on the memoranda of *Jack J. Andersen* of Waukesha.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

PER CURIAM.   In this appeal, we determine that sec. 805.17(3), Stats., applies to reconsideration motions filed after a postdivorce evidentiary hearing. Accordingly, we retain jurisdiction in this appeal.

Bettie L. Schessler and Carl B. Schessler were divorced in March 1983. In January 1993, after Carl's death, Bettie moved the family court for an order requiring that one-half of the balance due on Carl's pension benefits be paid to her. The trial court concluded that the 1983 judgment of divorce was ambiguous on the issue of the disposition of the payments in the event of Carl's death, and a hearing was held on Bettie's motion.

At the hearing, the attorneys who represented Bettie and Carl in the divorce proceeding testified regarding the parties' intentions relating to the treatment of this asset. Bettie also testified. The trial court made findings of fact and conclusions of law and, in an order dated March 18, 1993, awarded one-half of the benefits to Bettie.

On April 7, 1993, the estate timely moved the court to reconsider its modification of the judgment of divorce on several grounds, including that the motion to modify the divorce judgment was not timely under sec. 806.07, Stats., and that the judgment was not ambiguous on the issue of Bettie's entitlement to any portion of the pension benefits after Carl's death. The trial court denied the estate's motion in an order dated June 29;

the estate filed its notice of appeal from the March 18 and June 29 orders on June 25.[1]

The estate's notice of appeal was not timely as to the March 18 order unless the time to appeal from that order was extended by operation of sec. 805.17(3), Stats. Section 805.17(3) extends the deadline for filing a notice of appeal if a reconsideration motion is timely filed. If sec. 805.17(3) applies, then the estate's appeal was timely as to the March 18 order.

Section 805.17(3), Stats., provides:

> Upon its own motion or the motion of a party made not later than 20 days after entry of judgment, the court may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly. The motion may be made with a motion for a new trial. If the court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the court denies a motion filed under this subsection, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within 90 days after entry of judgment the court does not decide a motion filed under this subsection on the record or the judge, or the clerk at the judge's written direction, does not sign an order denying the motion, the motion is considered denied and the time for initiating an appeal from the judgment commences 90 days after entry of judgment.

---

[1] We construe the estate's appeal as being taken from both orders. The filing of the notice of appeal prior to the entry of the June 29 order does not preclude this appeal. Section 808.04(8), Stats., provides that if a notice of appeal is filed prior to entry of the order appealed from, the notice of appeal is deemed filed "after such entry and on the day thereof."

The court in *Continental Casualty Co. v. Milwaukee Metro. Sewerage Dist.,* 175 Wis. 2d 527, 499 N.W.2d 282 (Ct. App. 1993), held that the statute applies only to motions for reconsideration after a bench trial, *id.* at 532-33, 499 N.W.2d at 284, and does not modify the deadline for filing an appeal in cases where reconsideration was sought after the trial court granted summary judgment, *id.* at 533-34, 499 N.W.2d at 284.

The *Continental Casualty* court found support for its conclusion in the minutes of the Judicial Council which indicate that the statute applies only to postbench trial motions, *id.* at 532-33, 499 N.W.2d at 284, and the location of the statute within ch. 805, Stats., which is entitled "Trials," *id.* at 533, 499 N.W.2d at 284.

The court further concluded that the statute does not apply in the summary judgment context. Section 805.17(3), Stats., contemplates that the trial court has made findings. However, the trial court does not make findings at the summary judgment stage. *Continental Casualty,* 175 Wis. 2d at 533, 499 N.W.2d at 284. Rather, in ruling on a motion for summary judgment, the trial court must reach a legal conclusion as to whether material facts are in dispute. *Id.* at 533-34, 499 N.W.2d at 284-85.

The trial court's approach to summary judgment motions contrasts sharply with its approach to bench trials. When trial is held to the court, the court is the fact finder. Section 805.17(2), Stats. In this case, the trial court weighed the testimony and other evidence presented and assessed the credibility of the witnesses. The trial court does not perform these functions at the summary judgment stage. Although the hearing in this case proceeded on the motion of a party, we see no practical distinction between the role of the trial court

in this evidentiary hearing and the role of the trial court at a bench trial. Both require fact-finding, in contrast to summary judgment proceedings which require only a legal conclusion as to whether material facts are in dispute.

We conclude that the evidentiary hearing held in this case amounted to a bench trial, and therefore sec. 805.17(3), Stats., applies to extend the time to appeal from the March 18 order. The estate's appeal was timely as to that order.

*By the Court.*—Jurisdiction confirmed.