Ronald BINON, Catherine Binon, Melissa Binon, a minor, by her Guardian ad Litem, Attorney M. Angela Dentice, and Melinda Binon, a minor, by her Guardian ad Litem, Attorney M. Angela Dentice, Plaintiffs-Appellants,†

The MILWAUKEE CARPENTERS DISTRICT COUNCIL HEALTH FUND and American Family Mutual Insurance Company, Plaintiffs,

v.

GREAT NORTHERN INSURANCE COMPANY, Sells Printing Company, Erick Schroeder, Philadelphia Indemnity Insurance Company, Andy Honkamp and John Honkamp, Defendants,

FEDERAL INSURANCE COMPANY, Defendant-Respondent,

UNIVERSAL UNDERWRITERS INSURANCE COMPANY and Arrow Motors, Inc., d/b/a Lease Associates Group, Intervening-Defendants-Respondents.

Court of Appeals

No. 97–0710. *Submitted on briefs January 26, 1998.—Decided March 25, 1998.*

(Also reported in 580 N.W.2d 370.)

†Petition to review denied.

26

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *M. Angela Dentice* and *David J. Bischmann* of *Hausmann-McNally, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Burton A. Strnad* of *Burton A. Strnad, S.C.* of Milwaukee.

On behalf of the intervening defendants-respondents, the cause was submitted on the brief of *David H.*

*Hutchinson* of *Machulak, Hutchinson, Robertson, O'Dess & Reilly, S.C.* of Milwaukee.

Before Brown, Nettesheim and Anderson, JJ.

NETTESHEIM, J.   Wisconsin's omnibus statute, § 632.32(3), STATS., extends insurance coverage to any permissive user of an insured motor vehicle and to any person legally responsible for the use of the motor vehicle. However, when the insured is a "motor vehicle handler," § 632.32(5)(c) permits the insurer to restrict coverage to only the motor vehicle handler when there is other valid and collectible insurance in effect.

The issues in this case are whether Arrow Motors, Inc., d/b/a Lease Associates Group, is a motor vehicle handler for purposes of this statute and, if so, whether the Universal Underwriters Insurance Company and Federal Insurance Company policies recite the restriction in coverage allowed by § 632.32(5)(c), STATS. At summary judgment, the trial court ruled in the affirmative as to both questions. In a separate ruling, the court also held that Philadelphia Indemnity Insurance Company provided other valid and collectible insurance covering the claims of the plaintiffs, Ronald and Catherine Binon and their daughters. Based on those rulings, the court dismissed the Binons' action against the respondents, Federal and Universal. The Binons appeal. We affirm.[1]

---

[1] In light of our holding, we do not address the Binons' further argument that the full limits of the policies issued by Federal and Universal may be stacked onto the underlying coverage provided by Philadelphia Indemnity Insurance Company. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issues need be addressed).

## FACTS

Arrow Motors sells, leases, services and repairs motor vehicles. Its leasing operation is conducted under the business name Lease Associates Group. Under a special arrangement for preferred customers, John Honkamp leased four motor vehicles from Arrow Motors, d/b/a Lease Associates. One of the leased vehicles was a Pontiac Sunbird. While the Sunbird was in for repairs, Arrow Motors loaned Honkamp a Jeep Cherokee. On November 8, 1994, the Binons suffered personal injuries when the Jeep, driven by Honkamp's son, collided with their automobile.

At the time of the accident, Arrow Motors had the following insurance policies in effect: a commercial auto policy issued by Philadelphia Indemnity, a garage liability policy issued by Universal, and a business auto and excess policy issued by Federal. When the Binons filed this action in April 1995, they named each of Arrow's insurers as defendants. All of the insurance companies filed motions for summary judgment. The trial court denied Philadelphia Indemnity's motion, holding that the Jeep was a temporary substitute vehicle covered by the Philadelphia policy. Based on that ruling, the court granted Universal's and Federal's motions because both policies, consistent with § 632.32(5)(c), STATS., provided that omnibus insurance coverage did not apply if the motor vehicle handler otherwise had other valid and collectible insurance with at least the limits required by Wisconsin law. By separate decision released this same day, we have affirmed the trial court's ruling that the Philadelphia policy provided such coverage. *See Binon, et al. v. Philadelphia Indem. Ins. Co., et al.*, 218 Wis. 2d 38, 580 N.W.2d 365 (Ct. App. 1998).

29

The Binons appeal the trial court's grant of summary judgment to Universal and Federal. We will recite additional facts as they relate to the issues on appeal.

## DISCUSSION

### *Standard of Review*

We review a motion for summary judgment using the same methodology as the trial court. *See M & I First Nat'l Bank v. Episcopal Homes Management, Inc.*, 195 Wis. 2d 485, 496, 536 N.W.2d 175, 182 (Ct. App. 1995); *see also* § 802.08(2), STATS. That methodology is well known, and we will not repeat it here except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See M & I First Nat'l Bank*, 195 Wis. 2d at 496–97, 536 N.W.2d at 182. Although summary judgment presents a question of law which we review de novo, we nevertheless value a trial court's decision on such a question. *See id.* at 497, 536 N.W.2d at 182.

### *The Omnibus Auto Insurance Statute and the Trial Court's Ruling*

Section 632.32(1), STATS., the omnibus statute, provides, "Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person." Subsection (3) requires that every policy subject to the omnibus statute shall provide coverage to a permissive user of an insured motor vehicle and to

any person legally responsible for the use of the motor vehicle. However, an exception to this requirement is recited in para. (5)(c) which provides:

> If the policy is issued to a motor vehicle handler, it may restrict coverage afforded to anyone other than the motor vehicle handler or its officers, agents or employes to the limits under s. 344.01(2)(d) and to instances when there is no other valid and collectible insurance with at least those limits whether the other insurance is primary, excess or contingent.[2]

Section 632.32(2)(b) defines "motor vehicle handler" as "a motor vehicle sales agency, repair shop, service station, storage garage or public parking place."

Relying on the exception stated in subsec. (5), Universal and Federal moved for summary judgment seeking dismissal of the Binons' complaint. In its decision granting summary judgment to Federal and Universal, the trial court determined:

> After oral arguments, the court finds that both policies were issued to [Arrow Motors] which the court finds according to 632.32(2)(b) is a motor vehicle handler. The Honkamp lease from Arrow requires the lessee to make repairs. Arrow loaned the jeep as part of its repair operation; Arrow owned the jeep.

[2] This statute is written in awkward and confusing language. The parties, however, do not dispute that its effect is to allow an insurer of a motor vehicle handler to restrict coverage to only the handler in instances where there is other valid and collectible insurance. We adopt that interpretation for purposes of this case. Rather, the parties' dispute is whether the language of the Universal and Federal policies invoked this restriction and whether the trial court correctly determined that Arrow Motors is a motor vehicle handler.

Both Federal and Universal have complied with the requirement under 632.32(5)(c) Wis. Stats. Their policies provide that coverage to an individual other than officer, agent or employee of the motor vehicle handler only if that person has "no other valid and collectible insurance with at least the limits required by the Wisconsin financial responsibility law."

The Binons challenge the trial court's ruling. They contend that: (1) the court erred by looking only to the language of the statute and not to the policies issued by Universal and Federal, (2) the language of the policies does not invoke the restriction in coverage permitted by the statute, and (3) the court erred in holding that Arrow Motors was a motor vehicle handler pursuant to § 632.32(2)(b), STATS.

## *The Binons' Arguments*

We first address the Binons' argument that the trial court erred by looking to the language of § 632.32(5)(c), STATS., rather than to the specific language of the Universal and Federal policies when making its coverage ruling.[3] We disagree that the court did not consider the language of the policies.

[3] Universal and Federal correctly argue that this issue is waived because the Binons never made this specific argument in the trial court. Nonetheless, we choose to address the issue on the merits. The waiver rule is not absolute and exceptions are made. *See City News & Novelty, Inc. v. City of Waukesha*, 170 Wis. 2d 14, 20, 487 N.W.2d 316, 318 (Ct. App. 1992). This is especially so where the issue is one of law, the facts are not disputed, the issue has been thoroughly briefed by both sides and the question is one of sufficient interest to merit a decision. *See id.* at 20–21, 487 N.W.2d at 318. We conclude that these factors apply to this issue.

Each policy contains identical language regarding the motor vehicle handler exclusion:

> If YOUR business is selling, servicing, repairing or parking AUTOS, WHO IS AN INSURED is changed to include anyone other than an officer, agent or employee of such business while using a covered AUTO. However, that person is an INSURED only if he or she has no other valid and collectible insurance with at least the limits required by the Wisconsin financial responsibility law. In this event, coverage will be provided only up to the limits required by the Wisconsin financial responsibility law.

In *Carrell v. Wolken*, 173 Wis. 2d 426, 436–37, 496 N.W.2d 651, 655 (Ct. App. 1992), we held:

> [I]f the insurer has a sec. 632.32(5)(c), Stats., situation and wants to take advantage of the statute, the insurer must put in language which says either that permissive users are restricted under the policy to the minimum statutory limits of liability or that the users may not avail themselves of the policy unless there is no other valid collectible insurance whether primary, excess or contingent.

Relying on *Carrell*, the Binons contend that the trial court should have looked to the language of the Universal and Federal policies instead of looking to the language of § 632.32(2)(b), STATS., to determine whether Lease Associates is a motor vehicle handler. We disagree. The trial court's decision expressly holds that the language of the policies adopts the statutory restriction on coverage. Consistent with *Carrell*, both policies took advantage of the statute by including the language of the statute in their policies.

The Binons also contend that the language used in the policies differs from that used in the statute and thus broadens the application of § 632.32(5)(c), Stats. Specifically, the Binons point out that "[u]nlike [the] statutory definition which describes a motor vehicle handler by noun as a specific type of business, the Insurers' provision describes by verb the type of activity *performed* by the insured." But this is a distinction without a difference.[4] The policies effectively adopt the language of the restriction permitted by the omnibus statute.

We next address whether the trial court properly determined that Arrow Motors was a motor vehicle handler within the meaning of § 632.32(2)(b), Stats. The Binons argue that the court should have considered only the leasing activities of Lease Associates when determining whether the lessor, "Arrow Motors d/b/a Lease Associates," was a motor vehicle handler. The Binons reason that the statute and the policies cover the selling, servicing, repairing or parking of motor vehicles, not the leasing of such vehicles. Since this case involves only a leasing situation, the Binons conclude that the statutory restriction does not apply.

We reject the Binons' contention. Federal issued two policies. Both named "Arrow Motors, Inc. dba Lease Associates Group" as among the named insureds.[5] Similarly, Universal's policy lists the named insured as: Arrow Motors, Inc., d/b/a Arrow Oldsmobile

---

[4] The Binons concede that the difference is subtle.

[5] The insured endorsement for the Federal policies lists the following as the "Named Insured": Arrow Motors, Inc., d/b/a Lease Associates Group; Lease Associates; Econo Lease, Inc.; Eiler Leasing; Econo Car Rental; Eiler Car Rental Airport Rent-A-Car, Inc.; Arrow Oldsmobile-GMC, Inc.; and Arrow Oldsmobile, Inc.

North, dba Lease Associates Group.[6] Simply because Arrow Motors, under a variety of "d/b/a" designations, provides a spectrum of services, some of which qualify under the statute and some of which do not, does not operate to bar the coverage restriction under § 632.32(5)(c), STATS.

Our conclusion is supported by this court's decision in *Jacob v. West Bend Mut. Ins. Co.*, 203 Wis. 2d 524, 553 N.W.2d 800 (Ct. App. 1996). There we stated that the designation, " 'd/b/a' means 'doing business as' and is merely descriptive of the person or corporation who does business under some other name; it does not create or constitute an entity distinct from the person operating the business." *Id.* at 537 n.7, 553 N.W.2d at 805. As noted above, both the Universal and Federal policies provided insurance to "Arrow Motors, Inc., d/b/a Lease Associates Group." We therefore look to all the activities and services of the insured, Arrow Motors, not merely the activities of its leasing division, Lease Associates Group, which has no independent legal status or significance. The summary judgment record reveals no dispute of fact that Arrow Motors engaged in each of the activities listed under § 632.32(2)(b), STATS. As such, Arrow Motors is a motor vehicle handler within the meaning of the statute.

In their reply brief, the Binons argue that the supreme court's decision in *Smith v. National Indemnity Co.*, 57 Wis. 2d 706, 205 N.W.2d 365 (1973), supports their argument. We disagree. In *Smith*, a passenger in a rental vehicle which was involved in a collision attempted to invoke coverage under the insurance policy issued to the lessor, Doering Rent-A-Car,

---

[6] Universal's policy additionally listed Airport Rent-A-Car, Inc.; Econo Lease, Inc. and Autorent Wisconsin, Inc., d/b/a Econo Car as insured corporations.

Inc. *See id.* at 707–08, 205 N.W.2d at 366. The insurer denied coverage based in part upon the omnibus statute. *See id.* at 708, 205 N.W.2d at 366. The court concluded that the rental-car business was not one of the activities—"a public auto garage, auto repair shop, auto sales agency and service station"—excepted under the omnibus statute.[7] *See id.* at 710, 205 N.W.2d at 367. Therefore, coverage was available.

*Smith* is readily distinguished. The facts of *Smith* do not establish that Doering Rent-A-Car offered any services other than leasing. Nor do the facts establish that Doering Rent-A-Car was a division of a larger business entity which conducted the activities or provided the services which allow for the coverage restriction under the omnibus statute.[8] Here, the facts show without dispute that Arrow Motors engaged in activities which permitted Universal and Federal to recite the coverage restrictions in their respective policies. *Smith* does not control this case.

In summary, the coverage question is not governed by the particular activity or service giving rise to the claim, but rather by looking to the entire spectrum of activities and services provided by the insured. In *Smith*, the service provided by Doering Rent-A-Car was limited to leasing. Here, the activities and services

---

[7] We note that at the time of *Smith v. National Indemnity Co.*, 57 Wis. 2d 706, 205 N.W.2d 365 (1973), the omnibus statute was set forth under § 204.30(3), STATS., 1967. However, the provision at issue is substantially the same as in the current version of the statute.

[8] We have also examined a copy of the briefs in *Smith* and have satisfied ourselves on these points.

provided by Arrow Motors include those which qualify it as a motor vehicle handler.[9]

## CONCLUSION

We conclude that the trial court did not limit its consideration of the coverage question to only § 632.32(5)(c), Stats. Instead, the court properly looked to the language of the Universal and Federal policies. In addition, the court properly held that the language of the policies invoked the statutory restriction on coverage. We also conclude that the trial court properly looked to the entire spectrum of activities and services provided by Arrow Motors when determining that Arrow Motors was a "motor vehicle handler" within the meaning of § 632.32(2)(b), Stats. As such, coverage under Federal's and Universal's policies was properly restricted under § 632.32(5)(c) because Philadelphia's policy already covered the Binons' claims. We affirm the grant of summary judgment to Universal and Federal.

*By the Court.*—Order affirmed.

---

[9] Even if we limit our consideration of the coverage question to the particular activity or service of the insured which gives rise to the claim, we would affirm the trial court's ruling. The Jeep Cherokee was in Honkamp's possession as a temporary substitute vehicle because the leased Sunbird was being repaired at Arrow. As such, we agree with the trial court's further holding that "Arrow loaned the jeep as part of its repair operation." Repair of a motor vehicle expressly triggers the coverage restriction under the statute.