# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2011AP1121 |
| COMPLETE TITLE: | Paul Davis Restoration of S.E. Wisconsin, Inc., Plaintiff-Respondent-Petitioner, v. Paul Davis Restoration of Northeast Wisconsin, Defendant-Appellant, Denmark State Bank, Garnishee. |

---

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 343 Wis. 2d 678, 819 N.W.2d 562
(Ct. App. – Unpublished)

---

| | |
|---|---|
| OPINION FILED: | June 4, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 14, 2013 |

---

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Brown |
| JUDGE: | Donald R. Zuidmulder |

---

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | ROGGENSACK, ZIEGLER, J.J., concur. |
| DISSENTED: | |
| NOT PARTICIPATING: | |

---

ATTORNEYS:

For the plaintiff-respondent-petitioner, there were briefs by *Adam A. Bardosy* and *Sean D. Lanphier*, and *Mallery & Zimmerman, S.C.*, Milwaukee, with oral argument by *Adam A. Bardosy*.

For the defendant-appellant, the cause was argued by *Natalie M. Sturicz*, with whom on the brief was *Robert E. Bellin, Jr.*

2013 WI 49

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2011AP1121
(L.C. No. 2010TJ154)

STATE OF WISCONSIN        :        IN SUPREME COURT

**Paul Davis Restoration of S.E. Wisconsin, Inc.,**

       **Plaintiff-Respondent-Petitioner,**

   **v.**

**Paul Davis Restoration of Northeast Wisconsin,**

       **Defendant-Appellant**

**and**

**Denmark State Bank,**

       **Garnishee.**

**FILED**

**JUN 4, 2013**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Reversed and cause remanded.*

¶1 N. PATRICK CROOKS, J. This case centers on a garnishment action in which the alleged judgment debtor challenged the ability of the judgment creditor to enforce a judgment by garnishment. The case arises from territory-related disputes between two franchisees, Paul Davis Restoration of S.E. Wisconsin, Inc. (Southeast) and Paul Davis Restoration of Northeast Wisconsin (Northeast). Pursuant to the franchise

agreement, binding arbitration is prescribed to resolve such disputes, and the results of an arbitration process included an award for Southeast in the amount of $101,693 against Northeast, which is the name under which EA Green Bay, LLC, does business. The problem we now address arose when Southeast sought to enforce a judgment, via a garnishment action under Wis. Stat. § 812.01 (2009-10)[1], for the money damages it had been awarded by the arbitration panel.

¶2 Following the arbitration, there was no objection to confirming the award by entry of judgment against Northeast in circuit court.[2] Nor has there been any dispute that Northeast

---

[1] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

[2] There was a dispute in proceedings in Milwaukee County Circuit Court, before the Honorable William S. Pocan, concerning "the appropriate form of the judgment confirming the award." At a hearing related to that dispute, Southeast's counsel expressed concern that a judgment naming only Northeast, EA Green Bay, LLC's "d/b/a" name, might be unenforceable and sought to have the judgment entered against Northeast, Matthew Everett and EA Green Bay, LLC, on the basis that the franchise agreement contemplated joint and several liability in such a circumstance. In asking the court to confirm the arbitration award against Northeast but not also against EA Green Bay, LLC, Northeast's counsel made the following statement:

> [T]his business about all this hypothetical difficulty that [Southeast] may or may not encounter in enforcing the judgment is not appropriate in this particular proceeding, number one. It's not supported by any evidence, number two. . . . And thirdly, the idea that as a matter of law an entity operating as a quote [d/b/a], meaning it's operating under a trade name, the idea that a judgment can't be enforced against it is simply untrue as a matter of law.

was the name under which EA Green Bay, LLC, did business. Nevertheless, EA Green Bay, LLC, opposed the subsequent garnishment action in circuit court on the grounds that the judgment, entered against only Northeast, the name under which it did business, was unenforceable.

¶3 The circuit court for Brown County, the Honorable Donald R. Zuidmulder presiding, relied on two Wisconsin cases[3] for the proposition that Northeast, the name under which EA Green Bay, LLC, did business, had "no independent legal significance apart from the underlying business" and applied that principle in this context to mean that the names "refer to the same legal entity." It therefore held that any valid judgment against Northeast is also enforceable against EA Green Bay, LLC. The court of appeals reversed. It cited to the same cases as the circuit court, stating that where a company does business under a name different from the legal entity's name, that name is "merely descriptive of" and "not . . . distinct from" the person or corporation operating the business and is "a

---

The circuit court, for reasons that cannot be determined on the record before us, did as Northeast requested and confirmed the award on August 18, 2010, as to Northeast in the amount of the arbitration award, $101,693, and entered judgment on September 3, 2010.

[3] Jacob v. West Bend Mut. Ins. Co., 203 Wis. 2d 524, 537 n.7, 553 N.W.2d 800 (Ct. App. 1996) (stating that the designation "'d/b/a' means 'doing business as' and is merely descriptive of the person or corporation who does business under some other name; it does not create or constitute an entity distinct from the person operating the business"); and Binon v. Great N. Ins. Co., 218 Wis. 2d 26, 35, 580 N.W.2d 370 (Ct. App. 1998) (citing the language from Jacob).

3

legal nonentity"; it therefore reasoned that a judgment against such a name is unenforceable and cannot serve as a basis for a garnishment action.[4]

¶4     Wisconsin courts have not directly addressed the precise question presented: whether an otherwise valid judgment can be enforced against a legal entity when the judgment is entered against the name under which the legal entity does business.[5]     The cases relied on by the circuit court and court of appeals state that when a person or corporation does business under a name, that name "is merely descriptive of the person or corporation" and "it does not create or constitute an entity distinct from the person operating the business." Jacob v. West Bend Mut. Ins. Co., 203 Wis. 2d 524, 537 n.7, 553 N.W.2d 800 (Ct. App. 1996).     In Capsavage v. Esser, 224 Wis. 2d 404, 415, 591 N.W.2d 888 (Ct. App. 1999), which involved a dispute concerning the type of legal entity involved, the court clarified that the name under which the company, Sundance

---

[4] Paul Davis Restoration of S.E. Wis., Inc. v. Paul Davis Restoration of Northeast Wis., No. 2011AP1121, unpublished slip op., ¶¶7-9 (Wis. Ct. App. June 12, 2012).

[5] When deciding a duty-to-defend case that did not present this question directly, the court of appeals noted, "We are not required to decide in this case whether the default judgment against [an entity named in the complaint], a legal nonentity, is of any enforceable effect against the estate of [its deceased owner, who was not personally named as a defendant]." Jacob, 203 Wis. 2d at 537 n.7 (emphasis added).     In that case, a separate ruling from a probate court dismissing a related claim on the basis of the unenforceability of the judgment was not before the court. Id. at 531.

Marine, was doing business was not "a distinct entity" but rather was "simply another way to refer to Sundance Marine."[6]

¶5   It follows from this principle that if the name under which a person or corporation does business is "simply another way to refer to" a single legal entity and constitutes no entity distinct from the person or corporation who does business, then a judgment against the "doing business as" or "d/b/a" name is enforceable against the legal entity from which it is indistinct.   This result is consistent with the approach taken on this question by the majority of other jurisdictions that have addressed it.   Based on this principle in Wisconsin case law concerning a d/b/a designation or trade name, and consistent with the approaches of the majority of other jurisdictions, we hold that the judgment against EA Green Bay LLC's d/b/a

---

[6] The Capsavage court made note of the fact that California-based Sundance Marine had made a fictitious name filing or d/b/a filing "to do business as SDSR." Capsavage v. Esser, 224 Wis. 2d 404, 415, 591 N.W.2d 888 (Ct. App. 1999).

> [T]he purpose of a fictitious name statute is to protect the public against false identification of the character of a business by use of certain words in the name employed by the enterprise, or to ensure that those who do business with persons operating under a fictitious name will know the true identities of the individuals with whom they are dealing or to whom they are giving credit or becoming bound. . . . By filing an assumed-name certificate as authorized by statute, a corporation puts the public on notice that it is doing business under an assumed name . . . .

18A Am. Jur. 2d Corporations § 237.

designation, Paul Davis Restoration of Northeast Wisconsin, is enforceable against EA Green Bay, LLC, and the account at Denmark State Bank; Northeast and EA Green Bay, LLC, are not two distinct legal entities; and EA Green Bay, LLC, was undisputedly doing business under the name Northeast. We reverse the decision of the court of appeals and remand to the circuit court for further proceedings consistent with this opinion.

## I.    BACKGROUND

¶6    After the arbitration proceedings described above were complete and the judgment was entered in Milwaukee County Circuit Court, Northeast refused to pay the arbitration award. Southeast commenced the action that is now before us, a separate and independent garnishment action in Brown County Circuit Court, to collect the judgment from a Denmark State Bank account titled in the name of "EA Green Bay LLC d/b/a Paul Davis Restoration & Remodeling of NE WI d/b/a Building Werks." The record[7] reflects that the checks on the account bear only the name "Paul Davis Restoration & Remodeling of NE WI." In its answer to the garnishment complaint, garnishee defendant Denmark State Bank stated that "EA Green Bay LLC d/b/a Paul Davis

---

[7]    The record we have is the record from the garnishment action filed in Brown County Circuit Court. The record in this case does not include the arbitration ruling or any documents from the arbitration proceedings. It does not contain the record from the Milwaukee County Circuit Court case confirming the arbitration award either, though portions of the record in that case, such as briefs and partial transcripts, have been included in the garnishment case record as exhibits attached to filings.

Restoration & Remodeling of NE WI d/b/a Building Werks is a Denmark State Bank customer." It also stated that

> [a]s of the date and time Denmark State Bank was served with the Garnishment Summons and Complaint, Denmark State Bank was indebted to EA Green Bay LLC d/b/a Paul Davis Restoration & Remodeling of NE WI d/b/a Building Werks in the full amount of the . . . garnishment, by virtue of a deposit account.

In its ruling, the circuit court stated, "It cannot be disputed that EA [Green Bay, LLC] was the principal name on the account on [the date of the service of the garnishee summons] and that it was EA [Green Bay, LLC]'s Employer Identification Number." It also noted that "checks continued to be deposited for Paul Davis Restoration of Northeast Wisconsin . . . ."

¶7 The Brown County Circuit Court denied Northeast's motion to dismiss and directed the bank to release the funds in the account to Southeast. As noted above, the court based the ruling on the Jacob and Binon cases and on its determination that "[r]ather than separating the [Northeast] non-entity from the 'EA Green Bay, LLC' legal entity, the d/b/a designation simply means that the two names refer to the same legal entity." It considered EA Green Bay, LLC's arguments an "attempt[] to create a legal distinction where none exists."

¶8 The court of appeals reversed in an unpublished, per curiam opinion. It read the Jacob and Binon cases as supporting the proposition that because a d/b/a designation "does not create or constitute an entity distinct from the person [or corporation] operating the business," a judgment against a d/b/a designee alone is unenforceable. Paul Davis Restoration of S.E.

7

Wis., Inc. v. Paul Davis Restoration of Northeast Wis., No. 2011AP1121, unpublished slip op., ¶¶7-9 (Wis. Ct. App. June 12, 2012). It drew parallels to the facts discussed in Jacob, in which the court found that a plaintiff had improperly named a deceased person, rather than the estate's personal representative, as a party to the suit. Id. Southeast petitioned this court for review, which we granted.

## II.   STANDARD OF REVIEW AND APPLICABLE LAW

¶9   The question presented here arises in the context of a garnishment action, which is governed by Wis. Stat. § 812.01. The statute states:

> Any creditor may proceed against any person who is indebted to or has any property in his or her possession or under his or her control belonging to such creditor's debtor or which is subject to satisfaction of an obligation described under s. 766.55(2), as prescribed in this subchapter. "Plaintiff" as used in this subchapter includes a judgment creditor and "defendant", a judgment debtor or the spouse or former spouse of a judgment debtor if the judgment is rendered in connection with an obligation described under s. 766.55(2).

Wis. Stat. § 812.01(1). Application of a statute to an undisputed set of facts is a question of law. Nichols v. Nichols, 162 Wis. 2d 96, 103, 469 N.W.2d 619 (1991).

¶10 We also note that it is well established that a garnishment action is an action independent of the judgment for which it seeks to recover payment and is instituted separately according to statute. See Wis. Stat. § 812.01. See Butler v. Polk, 592 F.2d 1293, 1295-1296 (5th Cir. 1979) (observing that "garnishment actions against third-parties are generally

construed as independent suits, at least in relation to the primary action"); Randolph v. Emp'rs Mut. Liab. Ins. Co. of Wis., 260 F.2d 461, 464 (8th Cir. 1958) ("The only issue is the liability of the garnishee on its insurance contract. . . . [T]he amount of such liability has been established by the judgment against [the insured] in the state court action."); Adriaenssens v. Allstate Ins. Co., 258 F.2d 888, 890 (10th Cir. 1958) (garnishments are "original and independent actions [by] the holders of the judgments").

¶11 Noting, in the context of a garnishment case, that "[t]he judgment carries the presumption of validity," this court cited the settled law on judgments:

> The general rule is stated in 49 C.J.S. Judgments . . . as follows: "A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect of its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, except . . . for fraud in its procurement."

Zrimsek v. Am. Auto. Ins. Co., 8 Wis. 2d 1, 3, 98 N.W.2d 383 (1959). Where a judgment debtor asserts claims about a judgment's legitimacy, "it is in the context of that [first] suit and not [in the garnishment suit] that those claims should [be] asserted." Schultz v. Sykes, 2001 WI App 260, ¶16, 248 Wis. 2d 791, 638 N.W.2d 76. Further, "[t]he fact that the judgment is contested materially affects the nature of mistakes

9

that might be complained of and the considerations involved in determining whether relief is warranted. . . . An application for relief after a contested proceeding [as distinct from a default judgment] therefore partakes of a petition for reconsideration, and all the reasons for finality of judgment are arrayed against such an application." Restatement (Second) of Judgments § 71 cmt. a (1982). We also note that "a valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court." Restatement (Second) of Judgments § 84(1). "If the arbitration award were not treated as the equivalent of a judicial adjudication for purposes of claim preclusion, the obligation to arbitrate would be practically illusory." Id., § 84 cmt. b. The following provisions appear in Wis. Stat. ch. 788, which governs arbitration. After an award is made, any party has one year in which it "may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order . . . ." Wis. Stat. § 788.09. "Upon the granting of an order confirming, modifying or correcting an award, judgment may be entered in conformity therewith in the court wherein the order was granted." Wis. Stat. § 788.12.

### III. DISCUSSION

¶12 In this case, the application of the garnishment statute requires us to determine whether the holder of the Denmark State Bank account, "EA Green Bay, LLC d/b/a Paul Davis Restoration & Remodeling of NE WI d/b/a Building Werks," is the debtor against whom the judgment was entered.

¶13 The question, as the circuit court correctly identified it, is whether "the underlying judgment against Paul Davis Restoration of Northeast Wisconsin can apply to [the legal entity, EA Green Bay, LLC]" so that the assets in the bank account belonging to EA Green Bay, LLC, are subject to garnishment in satisfaction of the judgment. To answer that question, we need to examine principles related to a legal entity such as a corporation or a person doing business as or under a name different from the corporation's or person's name. In doing so, we examine Wisconsin case law and also consider how other jurisdictions have approached the issue.

¶14 First, we consider what Wisconsin courts have said about the names under which a legal entity such as a corporation or person does business.[8] The parties, as noted previously, rely

---

[8] In this case we discuss use of a d/b/a designation or trade name interchangeably. Black's Law Dictionary (9th ed. 2009) states that "d/b/a" is the abbreviation for "doing business as"; the definition continues:

> [Usually] precedes a person's or business's assumed name <Paul Smith d/b/a Paul's Dry Cleaners>. It

on the same cases yet reach opposite conclusions about how the stated principle applies in the context of an action under the garnishment statute.

¶15 The three cases that mention the principle or rule of law that we consider here——that a d/b/a designation "is merely descriptive of the person or corporation who does business under some other name; it does not create or constitute an entity distinct from the person operating the business"——are Jacob, Binon and Capsavage. In each of these cases, the brief discussion about the "doing business as" name appears to be secondary to the legal question being decided in the case, and none of these cases directly addresses an action under the garnishment statute.

¶16 The first, Jacob, was a case concerning construction defects and a contractor's insurer's duty to defend, and the

_____

signals that the business may be licensed or incorporated under a different name. Cf. tradename.

Black's Law Dictionary defines "tradename" this way:

A name, style, or symbol used to distinguish a company, partnership, or business (as opposed to a product or service); the name under which a business operates. A tradename is a means of identifying a business — or its products or services — to establish goodwill. It symbolizes the business's reputation. Cf. brand; d/b/a; trademark.

Black's Law Dictionary 455 (9th ed. 2009) (emphasis added).

court of appeals made the observation about the d/b/a designation in a footnote in which the court commented on a tactical decision by a subcontractor's attorney not to answer the complaint. Jacob, 203 Wis. 2d at 537 n.7. The case to which the Jacob footnote cited, Duval v. Midwest Auto City, Inc., 425 F. Supp. 1381, 1387 (D. Neb. 1977), aff'd, 578 F.2d 721 (8th Cir. 1978), was an odometer-tampering case, and the plaintiffs had listed six defendants in the amended complaint, including two d/b/a designations. Though there is no indication that it was a contested issue in the case, the court stated:

> Under the evidence there are four entities only – Midwest Auto City, Inc., David Studna, Ervin Delp, and Bernard Flaherty. The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who <u>does business under some other name</u>. <u>Doing business under another name does not create an entity distinct from the person operating the business.</u> The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.

Id. (Emphasis added.)

¶17 The second case, Binon, concerned whether a policy-holder was a motor vehicle handler for purposes of a statute giving such entities permission to restrict coverage. The policy was issued to "Arrow Motors, Inc., d/b/a Lease Associates Group." Binon v. Great N. Ins. Co., 218 Wis. 2d 26, 35, 580 N.W.2d 370 (Ct. App. 1998). Plaintiffs had argued that the d/b/a designation of "Lease Associates Group" was not a motor vehicle handler, even if Arrow Motors was. The court of appeals quoted the Jacob court as the basis for treating the d/b/a

13

designation as an entity that was not distinct from Arrow Motors, Inc. In determining whether the restricted coverage was permitted under the statute in that case, the court "look[ed] to all the activities and services of the insured . . . and not merely the activities of its leasing division . . . , which has no independent legal status or significance." Id.

¶18 A third Wisconsin case in which a company's "doing business as" name is discussed is Capsavage. The Capsavages were seeking to hold a shareholder of a corporation personally liable for a breach of contract by the corporation after they paid $291,987 for a yacht that was never delivered. Capsavage, 224 Wis. 2d at 407-409. The contract was with Sundance Marine d/b/a San Diego Sea Ray (SDSR). Id. at 407. The Capsavages sought to argue that SDSR was actually a joint venture or a partnership and that the shareholder was personally liable for the contract as a participant in the partnership. Id. at 414-415. The court of appeals rejected the argument, noting that "a fictitious name filing was made for Sundance Marine to do business as SDSR." Id. at 415. The court added, "When a corporation does business under another name, it does not create a distinct entity. Rather, SDSR [the d/b/a designation] is simply another way to refer to Sundance Marine." Id.

¶19 Northeast and Southeast both rely on the principle cited in the above cases that the name under which a person or corporation does business is not a "distinct entity." Northeast argues that that means that such a name is not an entity against which a judgment can be enforced. It analogizes the situation

14

to cases in which a party has failed to identify and serve the proper party,[9] citing <u>Johnson v. Cintas Corp. No. 2</u>, 2011 WI App 5, 331 Wis. 2d 51, 794 N.W.2d 475, <u>aff'd</u>, 2012 WI 31, 339 Wis. 2d 493, 811 N.W.2d 756 (holding that a court had no personal jurisdiction over defendant when there was a fundamental defect in a summons and complaint that named, rather than the intended defendant, the similarly named parent corporation of the intended defendant).  Southeast argues that the "not a distinct entity" language means that a judgment against the name under which a company does business is simply a judgment against the legal entity from which the "doing business as" name is legally indistinct.[10]

¶20  The principle or rule of law stated in these cases——that the name under which a person or corporation does business

---

[9] We note, as did the circuit court, that there is no "evidence calling into question whether any other business operated as Paul Davis Restoration of Northeast Wisconsin and had [the same address], as is indicated on the Milwaukee County judgment."  Nor is there any allegation or evidence of lack of notice or improper service in this case.

[10] The parties also make arguments concerning judicial estoppel and a collateral attack against a judgment.  Because we resolve this case on the grounds that the judgment can be validly enforced against the account held by Denmark State Bank, we do not address the parties' other arguments.  Northeast additionally argues that the money in the Denmark State Bank account in question cannot be reached under the garnishment statute because it "does not belong to [Northeast]" but belongs to EA Green Bay, LLC, instead.  This argument merely restates the question we address concerning the nature of the relationship between a legal entity and the name under which it does business; therefore, there is no need to address that argument separately.

is indistinct from the underlying legal entity——is more logically consistent with the circuit court's approach. The circuit court held that "the two names refer to the same legal entity." The court of appeals' approach implicitly treated the name as a distinct but legally meaningless entity.

¶21 A case concerning a judgment against a name under which a legal entity is doing business is very different from the category of cases involving a plaintiff's failure to identify and serve the proper party. Such cases turn on a different question (i.e., which of several distinct legal entities is the proper defendant) and, more importantly, involve different considerations, such as notice. See Mared Indus., Inc. v. Mansfield, 2005 WI 5, ¶¶34, 38, 277 Wis. 2d 350, 690 N.W.2d 835 (discussing the "policy of ensuring that a defendant receives notice of an action" and acknowledging that "the consequences for failing to strictly comply with the statutory rules of service are harsh"); Johnson v. Cintas Corp. No. 2, 2012 WI 31, ¶24, 339 Wis. 2d 493, 811 N.W.2d 756 ("Indeed, notice that apprises a party of the pendency of an action against it and affords the opportunity to present objections is regarded as '[a]n elementary and fundamental requirement of due process.'"). As the court specifically noted in Cintas Corp. No. 2,

> Unlike the single corporation in Hoesley, which the plaintiff correctly sued but simply misnamed as "La Crosse VFW Chapter, Thomas Rooney Post," see 46 Wis.2d at 502, 175 N.W.2d 214, Cintas and Cintas No. 2 are two, distinct legal entities, and Johnson mistakenly sued the first instead of the second.

16

Cintas Corp. No. 2, 339 Wis. 2d 493, ¶41 (emphasis added). The court further stated that the plaintiff did not dispute "that his summons and complaint named the wrong party . . . and that the party he intended to sue . . . is an independent legal entity." Id., ¶42 (emphasis added). Although it is relied upon by Northeast, Cintas Corp. No. 2 does not support its argument in this garnishment action.

¶22 The majority of courts from other jurisdictions confronted with similar cases in which a judgment debtor challenges the enforceability of a judgment against an entity using a name under which an entity does business have reached the same conclusion we reach in this case. See Acad. of IRM v. LVI Envtl. Serv., Inc., 687 A.2d 669, 677 (Md. 1997) (holding that "notice that an order for default had been entered against Trade Name was notice to Debtor that an order for default had been entered against it, since Trade Name was simply another name by which Debtor was known"); Aman Collection Serv., Inc. v. Burgess, 612 S.W.2d 405, 408-409 (Mo. App. 1981) (holding that a judgment solely against a d/b/a designation may be enforced against the entity operating under the trade name on the grounds that "the trial court committed no error in finding that Dako Products Co. was merely a trade name under which Robert V. Burgess operated and that they were one and the same"); Toulousaine de Distribution et de Services v. Tri-State Seed and Grain, 520 N.W.2d 210, 215 (Neb. Ct. App. 1994) (stating that "[t]he law from other jurisdictions also indicates that doing business under another name or several names does not create an

17

entity separate and distinct from the person operating the business, and the person remains personally liable for all his or her obligations," and holding that where evidence is that a sole proprietor is doing business under a trade name and a judgment is obtained against the trade name, the judgment creditor may execute the registered judgment); Beneficial Fin. Co. of Colo. v. Bach, 665 P.2d 1034, 1037 (Colo. Ct. App. 1983) (in a garnishment action, affirming a trial court's finding that where an entity on a lease was a trade name for a corporation, the corporation was liable under the lease, and noting that "a valid judgment against Compass Real Estate, Limited, must also be premised upon the fact that Realty World Senti, the named defendant and judgment debtor, is the trade name of that corporation"); Becker v. Truitt, 154 S.E. 262, 263 (Ga. 1930) (holding that "[a] judgment rendered against a person in his assumed or trade name is not void"); Long v. Carolina Baking Co., 3 S.E.2d 46, 50 (S.C. 1939) (where a corporation was doing business under a trade name, a "verdict and judgment against [the trade name] is binding upon the existent corporate entity and its assets" and judgment against a trade name "would not invalidate the judgment, where . . . the corporate defendant has suffered no prejudice"); Bishop v. Wilson Quality Homes, 986 P.2d 512, 514 (Okla. 1999) (where plaintiff sought to amend a Workers' Compensation judgment against a d/b/a designation to add the legal entity to which it was attached, court held that plaintiff "may collect his judgment against [the d/b/a designation] as he would from any business whose judgment was

18

pronounced as a result of trial in district court" and "does not need a nunc pro tunc order inserting [the legal entity's name] into the original award"); and Hughes v. Cox, 601 So. 2d 465, 471 (Ala. 1992) ("[W]e affirmatively hold that a judgment entered against a trade name is a judgment against the individual doing business under that trade name, at least so long as the individual was personally served with the complaint.").

¶23 The Louisiana courts have, based on an interpretation of a Louisiana statute, held that a "doing business as" name is not a separate legal entity against which a judgment can be entered[11] but mitigated the consequences for a plaintiff by employing an "equitable remedy the Louisiana Supreme Court crafted" in such cases: while they have held that a judgment entered against a legal nonentity cannot stand, the courts have granted plaintiffs a remand for a new trial and instructions to the trial court that the plaintiff be allowed leave to amend the petition to name the proper party defendant. Assensoh v. Diamond Nails, 897 So. 2d 806, 812 (La. App. 2005); Walker v. Self-Serv. Storage and Mini Warehouses, Inc., 519 So. 2d 771 (La. 1988).

---

[11] "Underlying this line of jurisprudence is the principle codified in La. C.C.P. art. 736 that a trade name is not a separate legal entity capable of being sued." Assensoh v. Diamond Nails, 897 So. 2d 806, 810 (La. Ct. App. 2005).

¶24 In light of the principle that the name under which a legal entity does business "does not create or constitute an entity distinct from the person operating the business," "is merely descriptive of the person or corporation who does business under some other name," and "is simply another way to refer" to the legal entity, we find no basis for holding that a judgment against such a name, indistinct from the legal entity to which it is attached, cannot be enforced against that entity. Nothing in Wisconsin law precludes our conclusion, and the case law from the majority of other jurisdictions provides ample support for it.

¶25 As noted above, the question presented in this garnishment action is whether, under Wis. Stat. § 812.01, the money in the Denmark State Bank is "property . . . belonging to [the] creditor's debtor." Northeast, the name under which EA Green Bay, LLC, does business, is not an entity distinct from EA Green Bay, LLC. The account at Denmark State Bank is in the name of "EA Green Bay LLC d/b/a Paul Davis Restoration & Remodeling of NE WI d/b/a Building Werks." The account is "property . . . belonging to such creditor's debtor or which is subject to satisfaction of an obligation . . . ." in an action under Wis. Stat. § 812.01, and therefore can be used to satisfy the judgment granted which confirmed the arbitration award.

## IV. CONCLUSION

¶26 Wisconsin courts have not directly addressed the precise question presented: whether an otherwise valid judgment can be enforced against a legal entity when the judgment is

entered against the name under which the legal entity does business.  The cases relied on by the circuit court and court of appeals state that when a person or corporation does business under a name, that name "is merely descriptive of the person or corporation" and "it does not create or constitute an entity distinct from the person operating the business." Jacob, 203 Wis. 2d at 537 n.7.  In Capsavage, which involved a dispute concerning the type of legal entity involved, the court clarified that the name under which the company, Sundance Marine, was doing business was not "a distinct entity" but rather was "simply another way to refer to Sundance Marine."

¶27  It follows from this principle that if the name under which a person or corporation does business is "simply another way to refer to" a single legal entity and constitutes no entity distinct from the person or corporation who does business, then a judgment against the "doing business as" name is enforceable against the legal entity from which it is indistinct.  This result is consistent with the approach taken on this question by the majority of other jurisdictions that have addressed it.  Based on this principle in Wisconsin case law concerning a d/b/a designation or trade name, and consistent with the approaches of the majority of other jurisdictions, we hold that the judgment against EA Green Bay, LLC's d/b/a designation, Paul Davis Restoration of Northeast Wisconsin, is enforceable against EA Green Bay, LLC, and the account at Denmark State Bank; Northeast and Green Bay, LLC, are not two distinct legal entities; and EA Green Bay, LLC, was undisputedly doing business under the name

21

Northeast.  We reverse the decision of the court of appeals and remand to the circuit court for further proceedings consistent with this opinion.

*By the Court.*— Reversed and cause remanded.

¶28 PATIENCE DRAKE ROGGENSACK, J. *(concurring)*. The majority opinion concludes that the judgment in favor of Paul Davis Restoration of Southeast Wisconsin, Inc. (Southeast), entered as the confirmation of an arbitration award against Paul Davis Restoration of Northeast Wisconsin (Northeast) (which is a "doing business as" (d/b/a) designation employed by EA Green Bay, LLC), is enforceable in a garnishment action against an account at Denmark State Bank that is held in the name of EA Green Bay, Northeast and other d/b/a's of EA Green Bay.[1] I agree.

¶29 Prior to entering the judgment confirming the arbitration award, Southeast's counsel requested that the court name EA Green Bay as a defendant in the judgment because Northeast was a d/b/a designation for EA Green Bay and not a separate legal entity. In response, counsel for Northeast represented to the court that a judgment solely in the name of Northeast was fully enforceable, even though "Paul Davis Restoration of Northeast Wisconsin" was not a legal entity. Northeast now asserts that the judgment is not enforceable because, although Northeast's name was on the bank account to be garnished, Northeast is not a legal entity and therefore has no legal ownership in the bank account.

---

[1] Majority op., ¶5.

1

¶30 Because of Northeast's prior inconsistent representations to the circuit court, which the circuit court apparently accepted, I conclude that Northeast is judicially estopped from challenging the garnishment on the ground that the judgment is not enforceable because Northeast is not a legal entity. Accordingly, I respectfully concur with the majority opinion's reversal of the decision of the court of appeals, albeit on a different rationale.

## I. BACKGROUND

¶31 Both Southeast and EA Green Bay are franchisees of Paul Davis Restoration, Inc. EA Green Bay operated its franchise under the name of Northeast. Northeast is not a corporate entity, but rather it is a trade name, or "d/b/a," of EA Green Bay.

¶32 Southeast and Northeast entered into arbitration for claims that each franchisee was doing business in the exclusive territory of the other and therefore each owed certain payments to the other. The arbitration panel agreed that both franchisees had been selling in the other's exclusive territory, but that Northeast had done so much more frequently. The panel issued a net award that required Northeast to pay Southeast $101,693.10.

¶33 Southeast's counsel moved the circuit court of Milwaukee County to confirm the award. During that process counsel for Southeast sought to have EA Green Bay and others added as defendants. Southeast's counsel said,

> [If the court] confirms the award in such a manner
> that it is only against . . . Paul Davis Restoration

2

of Northeast Wisconsin, I'm not even sure how to go about collecting against a company operating as a trade name. How do you separate the company's trade name from the underlying entity? And not just any underlying entity, but the underlying entity that's required to be there under the franchise agreement. . . . The only way to give [e]ffect to the award in this case is to make it against . . . the underlying entities. To do otherwise would tie the hands of the party who received the award in this case from enforcing any judgment. Because I'm not sure how——I'm sure that you can't own property under a DBA. . . . Without that, we'll have a judgment that I believe would be worthless.

¶34 In response, Northeast's counsel urged the circuit court to reject Southeast's argument and refuse to add EA Green Bay to the judgment:

First of all, the fact that someone operates under——an entity operates under a trade name does not mean that it is not also a business entity of its own. That doesn't follow as a matter of law. Secondly, regardless of that, a business operating under a trade name certainly can own all sorts of assets. And—— And thirdly, the idea that as a matter of law an entity operating as a quote DBA, meaning it's operating under a trade name, the idea that a judgment can't be enforced against it is simply untrue as matter of law.

After considering the arguments of counsel, the circuit court issued a judgment against Northeast and not against EA Green Bay, consistent with Northeast's contention.

¶35 When the garnishment action from which this review springs was filed in Brown County Circuit Court, it named only Northeast as the debtor and Denmark State Bank as the garnishee. The bank responded that it had an account in the name of EA

3

Green Bay LLC d/b/a Paul Davis Restoration & Remodeling of NE WI[2] d/b/a Building Werks. The Bank said that on the date that it received the garnishment, the account had a balance of $102,772.87, which the Bank would hold until further order of the court.

¶36 Northeast objected to release of the funds and a hearing on its objection was held before the circuit court of Brown County. At the conclusion of that hearing, the circuit court found that

> [Northeast] has had ample opportunity to make some kind of showing that EA [Green Bay] is not in fact the same entity as is named in the Milwaukee County judgment as a defense to garnishment, and yet the record is devoid of any evidence that the owner of the account and the judgment debtor are two different business entities.

Thereafter, the circuit court concluded that the bank account was properly subject to Southeast's garnishment action.

¶37 The court of appeals reversed, concluding that because Northeast is a d/b/a and not a legal entity, the judgment against Northeast is unenforceable against the bank account. Paul Davis Restoration of S.E. Wis., Inc. v. Paul Davis Restoration of Ne. Wis., No. 2011AP1121, unpublished slip op., ¶9 (Wis. Ct. App. June 12, 2012).

¶38 Before us, Northeast again contends that a judgment against a trade name is unenforceable. Northeast agrees that

---

[2] No one has argued that the slight difference in the names of Paul Davis Restoration of Northeast Wisconsin and Paul Davis Restoration & Remodeling of NE WI is significant or that both do not refer to the same d/b/a for EA Green Bay, so I do not consider it further.

4

Southeast attempted to convince the Milwaukee County Circuit Court to add EA Green Bay as a debtor and that the circuit court did not do so. At oral argument, Chief Justice Abrahamson asked counsel for Northeast whether a predecessor attorney had represented to the Milwaukee County Circuit Court that EA Green Bay was bound by the judgment even without being named. Counsel admitted that that had happened, but asserted that it was an erroneous statement to the court, which she characterized as a mistake insufficient to support judicial estoppel.

## II. DISCUSSION

### A. Standard of Review

¶39 Whether judicial estoppel applies presents a question of law for our independent review. State v. Petty, 201 Wis. 2d 337, 346-47, 548 N.W.2d 817 (1996).

### B. Principles of Judicial Estoppel

¶40 Statements of law upon which a circuit court relies may give rise to the equitable doctrine of judicial estoppel. Under that doctrine, a party is precluded from asserting a position in litigation after having previously asserted an inconsistent position at a different stage in the litigation, or in another proceeding. See State v. Ryan, 2012 WI 16, ¶¶32-34, 338 Wis. 2d 695, 809 N.W.2d 37 (discussing elements and application of judicial estoppel in two separate, but factually interrelated proceedings).

¶41 Judicial estoppel is intended to protect the integrity of the judicial process against parties playing "fast and loose with the courts by asserting inconsistent positions." Petty,

201 Wis. 2d at 347 (internal quotation marks and citation omitted). The doctrine, therefore, does not operate on the relationship between the parties, but instead operates on the relationship between each party and the judicial system. See id. at 346 (noting that "judicial estoppel is not directed to the relationship between the parties").

¶42 As with other equitable doctrines, the application of judicial estoppel is typically within the discretion of the circuit court. State v. Fleming, 181 Wis.2d 546, 558, 510 N.W.2d 837 (Ct. App. 1993). However, because the elements of judicial estoppel are questions of law, a circuit court's failure to address the doctrine will not preclude an appellate court from doing so. See Petty, 201 Wis. 2d at 346-47 (recognizing propriety of appellate court addressing judicial estoppel where doctrine had not been applied by circuit court).

¶43 For a party to be judicially estopped from maintaining a particular position in litigation, three elements must be met. Id. at 348. First, the party's position must be "clearly inconsistent" with an earlier position. Id. Second, the facts relevant to the party's position must have been the same at both points in litigation. Id. Third, the party to be judicially estopped "must have convinced the first court to adopt its position." Id. Additionally, because judicial estoppel "looks toward cold manipulation and not unthinking or confused blunder," the doctrine will not be applied to inadvertent representations. Id. at 347.

## C. Application

¶44 Northeast's representations to the Milwaukee County Circuit Court meet the three criteria necessary for judicial estoppel. Therefore, I conclude that Northeast is estopped from contending that the judgment upon which the garnishment is based may not be enforced because Northeast is not a legal entity. First, the facts relevant to whether Northeast was a legal entity did not change between the hearing before the Milwaukee County Circuit Court and the commencement of this garnishment action. During the relevant time period, Northeast remained a d/b/a or trade name of EA Green Bay.

¶45 Second, Northeast represented to the Milwaukee County circuit court that EA Green Bay's use of the d/b/a designation would not prevent enforcement of the judgment. Counsel for Northeast said, "the idea that a judgment can't be enforced against it is simply untrue as a matter of law." Northeast's contention was made to the court when Southeast moved to add EA Green Bay as a party to the judgment and argued that EA Green Bay must be added in order to prevent the judgment from being unenforceable. Southeast said that without a legal entity as a party to the judgment, "we'll have a judgment that I believe would be worthless." After consideration of the arguments of counsel, the circuit court denied Southeast's request to add EA Green Bay as a party to the judgment.

¶46 Third, as repeated more fully in the quote in paragraph 7 above, Northeast's legal position was carefully stated and urged the circuit court not to name EA Green Bay as a

7

party to the judgment. Northeast's contention was not inadvertently made but was placed before the court in direct response to Southeast's position that without the addition of EA Green Bay, Southeast would have a judgment that was "worthless." Before us, Northeast attempts to make the judgment worthless in this garnishment action.

¶47 Accordingly, Northeast's position before us meets all the elements for judicial estoppel. Therefore, I conclude that Northeast is estopped from asserting that its bank account cannot be garnished based on Northeast not having the legal status that would permit it to have ownership rights in the account.

### III. CONCLUSION

¶48 Because of Northeast's prior inconsistent representations to the circuit court, which the circuit court apparently accepted, I conclude that Northeast is judicially estopped from challenging the garnishment on the ground that the judgment is not enforceable because Northeast is not a legal entity. Accordingly, I respectfully concur with the majority opinion's reversal of the decision of the court of appeals, albeit on a different rationale.

¶49 I am authorized to state that Justice ANNETTE KINGSLAND ZIEGLER joins this concurrence.