HAGEDORN, J.[1]
¶1 J.P. Michaels, LLC, appeals from the circuit court's order denying its motion for reconsideration. Because that motion did not raise an issue that had not already been determined by the circuit court, we are without jurisdiction and must dismiss the appeal.
¶2 In 2011, J.P. Michaels obtained a small claims judgment for past due rent and related costs against Brenin Tate. In August 2014, J.P. Michaels obtained a garnishment judgment against "Sun Seekers by Rosie," an entity it presumed to be Tate's employer. In December 2014, "Rosie's Sunseekers, Inc." moved to reopen and vacate the garnishment judgment, asserting that J.P. Michaels improperly designated the defendant's name on the garnishment pleading and failed to effect service and notice to the appropriate defendant. The circuit court denied the motion to vacate the judgment.
¶3 Then, in June 2017, J.P. Michaels filed a nonearnings garnishment complaint against "Sun Seekers by Rosie A.K.A. Rosie's Sunseekers, Inc.," as the debtor, and Associated Bank, as the garnishee. Rosie's Sunseekers moved to dismiss for want of personal jurisdiction because it was not a named debtor. It also again moved to vacate the garnishment judgment against Sun Seekers by Rosie on the grounds that J.P. Michael's enforcement of that judgment against Rosie's Sunseekers constituted misrepresentation and fraud.
¶4 In October 2017, following an evidentiary hearing on the motions, the circuit court entered an order vacating the garnishment judgment against Sun Seekers by Rosie. It found that Sun Seekers by Rosie and Rosie's Sunseekers constituted separate legal entities, and thus the judgment was not enforceable against the latter. Ten days later, J.P. Michaels moved for reconsideration of that decision. On April 3, 2018, the court entered an order denying the motion for reconsideration. On May 17, 2018, J.P. Michaels filed its notice of appeal "from the judgement entered on April 3, 2018 ... denying [J.P. Michaels's] motion for reconsideration."[2]
¶5 Rosie's Sunseekers asserts that this court is without jurisdiction to hear this appeal because J.P. Michaels's motion for reconsideration did not raise any new issues. We agree.
¶6 "[T]here is no right to appeal from an order or judgment entered on a motion to modify or vacate a judgment where the only issues raised were disposed of in the prior order or judgment." La Crosse Tr. Co. v. Bluske , 99 Wis. 2d 427, 429, 299 N.W.2d 302, 303 (Ct. App. 1980). To determine the appealability of such an order, we compare the issues raised in the underlying motion with those disposed of in the order sought to be reconsidered. Harris v. Reivitz , 142 Wis. 2d 82, 87, 417 N.W.2d 50 (Ct. App. 1987). This "new issues" test is to be liberally applied. Id. at 88-89. Whether a motion for reconsideration raised a new issue is a question of law that this court reviews de novo. State v. Edwards , 2003 WI 68, ¶7, 262 Wis. 2d 448, 665 N.W.2d 136.
¶7 In its motion for reconsideration, J.P. Michaels took issue with the circuit court's factual finding that Sun Seekers by Rosie and Rosie's Sunseekers were two distinct legal entities. In particular, it asserted this finding conflicted with testimony at the evidentiary hearing and the supreme court's decision in Paul Davis Restoration of S.E. Wisconsin, Inc. v. Paul Davis Restoration of Northeast Wisconsin , 2013 WI 49, 347 Wis. 2d 614, 831 N.W.2d 413. Both the testimony and the Paul Davis decision were presented to the circuit court before it vacated the judgment. In other words, J.P. Michaels's motion merely sought to relitigate matters that the circuit court had already considered and disposed. Because J.P. Michaels failed to raise a new issue, the order denying its motion was not appealable, and this court is without appellate jurisdiction. See Harris , 142 Wis. 2d at 87.
¶8 Without acknowledging the language of its notice of appeal, J.P. Michaels argues that we should instead treat this as an appeal from the order vacating the garnishment judgment. J.P. Michaels maintains that the tolling mechanism found in WIS. STAT. § 805.17(3) makes the appeal of the underlying action timely. Even if we generously construed this as an appeal of the order vacating the garnishment judgment,[3] J.P. Michaels's tolling argument is incorrect.
¶9 Entered on October 2, 2017, the order vacating the garnishment judgment was appealable as of right because it disposed of all litigation as to the entities known as Sun Seekers by Rosie and Rosie's Sunseekers. WIS. STAT. § 808.03(1). J.P. Michaels filed its motion for reconsideration within the twenty-day window required for application of the tolling mechanism under WIS. STAT. § 805.17(3). See also Schessler v. Schessler , 179 Wis. 2d 781, 784-85, 508 N.W.2d 65 (Ct. App. 1993) (holding that § 805.17(3) applies after a decision rendered on a motion that required an evidentiary hearing). As to how long such tolling would last, the relevant portion of the statute provides:
If the court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the court denies a motion filed under this subsection, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within 90 days after entry of judgment the court does not decide a motion filed under this subsection on the record or the judge, or the clerk at the judge's written direction, does not sign an order denying the motion, the motion is considered denied and the time for initiating an appeal from the judgment commences 90 days after entry of judgment.
Sec. 805.17(3).
¶10 Because the circuit court did not act on J.P. Michaels's motion within ninety days after the final order was entered, the time to appeal that order commenced ninety days after entry of judgment. The record contains a notice of entry of the final order, which meant J.P. Michaels had forty-five days to initiate an appeal. Salzman v. DNR , 168 Wis. 2d 523, 531, 484 N.W.2d 337 (Ct. App. 1992) (explaining that WIS. STAT. § 808.04(1) still operates to reduce the time for appeal after the disposal of a motion for reconsideration under WIS. STAT. § 805.17(3) ). Therefore, the forty-five day window to appeal began on December 31, 2017, and expired on February 14, 2018. J.P. Michaels filed its notice of appeal on May 17, 2018. Thus, an appeal from the order vacating the garnishment judgment-even if construed as such-was untimely.
By the Court. -Appeal dismissed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

Although it uses "judgement" instead of "order," the notice of appeal clearly indicates that J.P. Michaels sought to appeal the circuit court's decision denying its motion for reconsideration.

See Carrington v. St. Paul Fire & Marine Ins. Co. , 169 Wis. 2d 211, 217 n.2, 485 N.W.2d 267 (1992) (finding inconsequential defect in notices of appeal did not deprive appellate jurisdiction).